THE PEOPLE, *ex rel.* John Vanderlinden, *vs.* ALEXANDER MARTIN, supervisor &c. and others.

The relator, on the 30th of July, 1863, enlisted into the military service of the United States as a volunteer, and was credited to the town of L., under the call made by the President of the United States on the 14th of April, 1864.

On the 13th of August, 1864, the electors of the town of L. at a special town meeting, by resolution, authorized the supervisor, town clerk and one of the justices to issue certificates of indebtedness to the amount of $300, as bounty, to each and every volunteer who had been or might be thereafter credited to said town; provided he should have enlisted or re-enlisted between the 13th day of July, 1863, and the 1st day of January, 1864, and had received no bounty from said town; upon the production of the proper evidence that the volunteer had been credited to said town of L.

*Held* that when a volunteer bringing himself within the provisions of the resolution of the special town meeting, presented proper evidence of the facts to the town officers, it was their duty to issue to him a certificate of indebtedness for $300; and that upon their refusal to do so, a *mandamus* was the proper remedy. PARKER, J., dissented.

*Held, also,* that the objections to the issuing of such a process—that the relator was a non-resident of the United States, and owed no allegiance to them; that he first enlisted to the credit of another town, and was transferred to the town of L. without his own knowledge or consent—were all technical, and without force.

*Held, further,* that if the town officers had not met, no other demand of performance could be made than a several demand; and if it was necessary for the officers to meet, to perform their duty, then a demand that they issue a a certificate was, of itself, a demand that they should meet for that purpose.

THIS is an appeal from an order made at special term, granting a mandamus to the defendants, supervisor, town clerk and justice of the peace of the town of Lisbon in the county of St. Lawrence, commanding them to issue to the relator a certificate of indebtedness of said town, as bounty due for military service, in pursuance of a resolution passed at a special town meeting of said town.

*E. C. James*, for the relator.

*B. H. Vary*, for the defendants.

POTTER, J.   It appeared, upon the case made at the special term, that the relator, on the 30th July, 1863, enlisted into the military service of the United States, at Ogdensburgh, St. Lawrence county, New York, as a volunteer private in Co. A, 14th regiment of N. Y. heavy artillery, to serve for the period of three years, and was honorably discharged from said service, to date August 26, 1865, by reason of paragraph 2, special orders No. 718, department of the east, dated June 8th, 1869.

The relator enlisted to the credit of the town of Oswegatchie, in said county, but the defendant Martin, supervisor of Lisbon, claimed him as a resident of that town, and upon the request of said Martin, as supervisor, and in accordance with a statement of the supervisors of that county, the credit of the relator, though without his knowledge or consent, was given to, and applied upon the quota of the town of Lisbon, under calls made by the President of the United States, of April 14, 1864.   Afterwards, and on the 13th August, 1864, the electors of the town of Lisbon duly convened in special town meeting, after a preamble reciting the president's proclamation and call, and the liability of that town for her proportion or quota under said call, "Resolved, that the supervisor, town clerk, and one of the justices, be authorized to issue certificates of indebtedness in such amounts as (may) might be desired, amounting in the aggregate to the sum of three hundred dollars to each and every volunteer who has been or may be hereafter credited to said town of Lisbon, provided he shall have enlisted, or re-enlisted between the 13th day of July, 1863, and the 1st day of January, 1864, and has received no bounty from said town, and when the proper evidence shall be received that the volunteer has been credited to the said town of Lisbon."  The relator presented the evidence to the defendants severally, that he had been credited to the town of Lisbon as a volunteer, had never received a bounty from the town, and

demanded his certificate of indebtedness, in pursuance of the said resolution, which was refused, or neglected to be given.

The relator brought himself within the provisions of the resolution of the special town meeting of the town of Lisbon. He enlisted between the 13th July, 1863, and 1st January, 1864, and was afterwards credited to that town as a volunteer. There are no contradictions of these facts, nor of the fact of the town meeting, and the resolution passed thereat. Such meetings were legalized by statute. (*Sess. Laws of* 1864, *ch.* 8, § 22.)

The objections that the relator was a non-resident of the United States; that he owed no allegiance to them; that he first enlisted to the credit of another town; that he was transferred to Lisbon without his own knowledge or consent, are all technical, and without force. And the objection is immaterial, if otherwise good, (which is not admitted,) that the supervisor had no power to bind his town by obtaining credit for the relator to the town of Lisbon. It was not the supervisor unauthorized, but the vote of the special town meeting, in promising to pay the bounty to all volunteers who should be credited to the town, that created the liability. The benefits of this resolution enured to the relator. Every necessary legal and moral consideration is in his favor, and against the town; it was a debt legalized by statute, even if it was otherwise to be regarded as a mere promise of a gratuity. If it was a mere gratuity, these mere ministerial agents of the town, supervisor, town clerk and justice, have no authority to resist the orders or directions of their principal and superiors, the people. They were in duty bound to issue the town bonds to all such volunteers as were entitled to the bounty voted by the town. No judicial discretion was conferred upon them. Their duty was to obey; not to litigate and question the legality of the acts of the superior body from whom they received the authority and direction to act;

The People *v.* Martin.

their resistance is contumacious, and a mandamus is the proper remedy to enforce obedience.

It is not needful for the court to decide whether the officers named to perform this duty compose a board to act officially, or are merely agents of the town to act in the capacity named. It is enough that the duty was not judicial; they were the creatures of the statute, and the agents of the people of their town. It is trifling with their duty to say they had had no meeting; or that they had not been requested to meet, to perform this duty. If they had not met, the demand could not be made of them at a meeting, and they cannot plead their own omission of duty, if it be necessary to meet, as a defense. No other demand could be made than a several demand, and if it was necessary for these officers to meet to perform their duty, then a demand that they issue these certificates was, of itself, a demand to meet for that purpose.

As there was no dispute about facts—no denial of the facts given by the relator—I think the special term was right in ordering a mandamus, and that the order appealed from should be affirmed, with costs.

MILLER, P. J., concurred.

PARKER, J., dissented.

Order affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, September 6, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]