had; and there is no evidence that there was any one in the state of Massachusetts who could give any other or better information, or of whom he should have, in the exercise of reasonable diligence, inquired. I think the address to which he sent the notice was that best calculated to give the defendant notice of the protest, from the information which plaintiff's representative had, or from which, in the exercise of ordinary diligence, he could have obtained. · I think the judgment should be affirmed.

O'BRIEN, J., concurs.

---

PEOPLE ex rel. CLIMAX ROAD-MACH. CO. v. COMMISSIONER OF HIGHWAYS OF TOWN OF MONTGOMERY et al.

(Supreme Court, Appellate Division, Second Department.    March 6, 1900.)

1. HIGHWAY OFFICERS—ROAD SUPPLIES—DUTY AS TO CERTIFICATION OF TAX LISTS.

Under Laws 1898, c. 155, making it the duty of the commissioner, with the assistance of the overseers of highways, in a district purchasing road machines, to make and deliver to the supervisor of such town a list of the persons in the district who are named in the last assessment roll, and chargeable with the payment of a tax for such machines, such officials, being mere ministerial officers, may not refuse to perform this duty on the ground that the machines are not satisfactory.

2. SAME.

Under Laws 1898, c. 155, the overseers of highways, being mere ministerial officers, may not refuse to act in making such list on the ground that the original petition for the machine was not sufficiently signed, where it purported to be signed by a majority of the taxpayers, representing more than half the taxable property of the district, and the town clerk so certified.

Appeal from special term, Orange county.

Mandamus by the people of the state of New York, on the relation of the Climax Road-Machine Company, against the commissioner of highways of the town of Montgomery, Orange county, N. Y., and the overseer of highways in road districts 75, 76, 77, and 78, of the town of Montgomery, Orange county, N. Y. From an order granting a peremptory writ, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Lewis Hasbrouck and A. H. F. Seeger, for appellants.
W. L. Dickerson, for respondent.

WOODWARD, J. The orderly conduct of affairs in townships must be seriously disturbed if mere ministerial officers are allowed to take upon themselves the responsibility of determining the validity of transactions, valid and regular upon their face, simply by refusing to act. In the matter now before us a road machine was purchased of the relator upon the petition of the taxpayers of certain road districts in the town of Montgomery, pursuant to the provisions of chapter 155 of the Laws of 1898, amending the highway law in reference to the purchase and repair of road machines. The statute makes it

the duty of the commissioner of highways, with the assistance of the overseers of highways, "in any road district which is to be charged with the payment for such machine after the completion of the assessment roll, and ten days before the meeting of the board of supervisors of the county," to "make and deliver to the supervisor of such town a list of the persons in such district or districts who are named in the last assessment roll of the town and chargeable with the payment of a tax for such machine." The defendants have neglected and refused to perform this purely ministerial act, and upon the petition of the relator this court, at special term, has caused to issue a peremptory mandamus to compel them to act. The defendants presented affidavits to the court below, in which they alleged that there were fraudulent misrepresentations on the part of the relator, that the machine was not to be purchased except after a trial, that upon the trial the machine was rejected, and that the petition required by the statute did not, in fact, contain the names of "a majority of the taxpayers of one or more highway districts" in the town, or representing more than one-half of the taxable property in such district or in each of such districts. The statute says that this fact is "to be ascertained by the last preceding assessment roll and certified to as such, by the town clerk of the town," and, while it may be that the certificate of the town clerk is not final upon this question (the necessary number of petitioners being essential to authorize any action on the part of the town officials), we are of opinion that where the petition recites, as in the matter now before us, that "the undersigned, constituting a majority of the taxpayers of highway districts Nos. 75, 76, 77, 78, of the town of Montgomery, * * * representing more than one-half of the taxable property of such districts," and the town clerk certifies that "the signers of the within petition constitute a majority of the taxpayers in the several road-machine districts therein mentioned, and represent more than one-half of the taxable property in each of such districts, as shown by the last preceding assessment roll," it is not for mere ministerial officers to refuse to obey the provisions of the statute, and to deny to the relator an opportunity to collect the amount of its claim, represented by the written agreement. People v. Martin, 58 Barb. 286, 288; Morris v. People, 3 Denio, 381, 395, and cases there cited. In the former case the town board refused to issue a certificate of indebtedness authorized by the town to be given as a bounty for soldiers under the provisions of the statute, upon the ground that the person was a nonresident of the United States, etc. The court, after calling attention to the fact that the act of issuing the certificate was merely ministerial, say:

"Their duty was to obey, not to litigate and question the legality of the acts of the superior body from whom they received the authority and direction to act. Their resistance is contumacious, and a mandamus is the proper remedy to enforce obedience."

The writ now under review does not direct payment. It simply directs the defendants to perform the duties pointed out by the statute. If a good defense exists to the demand, it is to be presumed

that the officers of the town will find a way of protecting the tax-payers when the matter is reached, but the present duty of the defendants is to obey the statute and the writ of the court below. The decision and order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.