THE PEOPLE ex rel. J. HENRY PERKINS, Appellant, v. SIMEON S. HAWKINS, Supervisor of the town of Riverhead, in Suffolk county, Respondent. .

Under the provision of chapter 436 of the Laws of 1870, a principal who has furnished jointly with a town of the county of Suffolk a substitute whose service constituted a part of the excess of years, for which moneys were received from the State, has a clear legal remedy by action against the town to recover his just proportion of such moneys. A mandamus, therefore, will not lie.

(Argued June 13th, 1871; decided September 2d, 1871.)

APPEAL from order of the late General Term of the second district, reversing an order of Special Term, which directed the issue of a peremptory writ of mandamus to defendant.

On the 23d August, 1864, at a special town meeting held in the town of Riverhead, the following resolution was adopted:

"*Resolved,* That the supervisor and committee be empowered, to raise a sufficient number of substitutes or volunteers, to fill the quota of the town on the best terms they can, and each person wishing to procure a substitute for himself shall pay $125 for three, or sixty dollars for one year, and the town pay the balance."

Under this resolution a substitute was furnished for relator for three years, relator paying $125. On the 22d May, 1865, said town received from the State $400 for the two years excess of service of said substitute. The average paid for three year substitutes was $684. In some instances as high as $1,000 was paid.

*Robert Sewell,* for appellant, that where a supervisor was authorized to pay, it was his duty so to do. (*People ex rel* v. *Supervisors, etc.,* 36 How., 1; *People ex rel.* v. *Supervisors,* 11 Abb., 114; *Mayor* v. *Furze,* 3 Hill, 612; *United States* v. *Supervisors,* 4 Wallace, 435; *City of Galena* v. *Amy,* 5 Wallace, 705.) That where officers refuse to do an act

required, a mandamus will lie. (*People* v. *Perry*, 13 Barb., 206; *Hull* v. *Supervisors of Oneida*, 19 John., 259; *People* v. *Supervisors of Albany*, 12 John., 414; *People* v. *Hawes*, 34 Barb., 69; *People* v. *Supervisors of Columbia*, 10 Wend., 363; *People* v. *Edmonds*, 19 Barb., 468; *People* v. *Supervisors of Chenango*, 8 N. Y., 317; *People* v. *Supervisors of N. Y.*, 32 N. Y., 473; *People* v. *Supervisors of Oswego*, 36 How., 1.) That mandamus will lie in some cases where there is a legal remedy by action. (*McCullough* v. *Mayor of Brooklyn*, 23 Wend., 459; *People* v. *Taylor*, 1 Abb., 200; S. C., 30 How., 78.)

*Thomas S. Strong*, for the respondent.

CHURCH, Ch. J. To entitle a party to a mandamus, he must have a clear legal right to the relief demanded. (*People* v. *Supervisors of Chenango*, 11 N. Y., 563, and cases cited.) By the act of 1870, chapter 436, the towns of the county of Suffolk are made liable, to refund a portion of the moneys received from the State, for certain excess of years' service for soldiers furnished during the late rebellion, to the principal who furnished *jointly with the town*, a substitute whose service constituted a portion of such excess. It is claimed by the relator, that he did furnish a substitute jointly with the town of Riverhead, and paid towards such substitute the sum of $125; that two years' excess of service of such substitute was credited to the town on the next call, for which the State reimbursed the town the sum of $400; and he claims $150 of that sum. On the part of the town, it is claimed, in substance, that by an arrangement between him and the town, the relator was to pay $125, and the town undertook to furnish a three years' substitute at whatever cost or expense; in other words, that the town assumed the burden of furnishing a substitute for the relator for $125. If the relator's construction is the correct one, the town is liable to him for some amount, assuming the validity of the act of 1870; but if the other construction is the correct one, then

the relator is not within the terms of the act, as he did not furnish a substitute jointly with the town or otherwise, and he is not entitled to any part of the reimbursement. It is unnecessary if not impracticable to determine which version is correct, as the proper mode of trying the question is by action, and it may depend upon other facts than those appearing before us. It is sufficient to say, that the legal right in favor of the plaintiff is far from being *clear*.

Nor will a mandamus lie, where the party has a plain legal remedy by action. (*Ex parte Lynch*, 2 Hill, 45.) An action against public officers for neglecting to perform their duty, would not be considered such a remedy as to supersede that by mandamus. (23 Wend., 461 ; *People* v. *Mead*, 24 N. Y., 114 ; 1 Ker., 563.)

If the relator's version is the correct one, he has a clear legal remedy by action against the town, declared by the act itself. It declares that the officers of the township shall pay the balance of the money (after reserving a certain portion to the town) to the principal, his heirs or assigns. Although it appears, that the town has paid out for municipal purposes all the money received, yet the liability of the town remains, and can be enforced by action. An action is the appropriate remedy also, because if the relator is entitled to anything the amount to which he is entitled is in dispute. He paid $125, and claims $150. It does not appear clearly what the town paid for the substitute. The average paid for substitutes was $684, and the town paid as high as $1,000 for some. The town received $400 from the State. The relator states that he paid $125 and received $375 from the town.

It appears that he was employed by the town authorities to assist in procuring substitutes, and I infer that the relator claims, that the town only paid $375 toward his substitute, and that the town is only entitled to the balance of that sum after deducting one-third for one year's service, which is $250, and that he is entitled, under the act, to the balance received from the State, being $150. This may be the true construction of the act, but the facts upon which the relator reaches

this result do not clearly appear. It is nowhere stated what amount the town paid for this substitute. Although the relator received only $375 from the town towards the substitute, the latter may have paid $1,000. We cannot say that injustice would not be done by reversing the judgment, and it must be affirmed. All concur.

Judgment affirmed.