ORRIS MARSH, Appellant, *v.* THE TOWN OF LITTLE VALLEY, Respondent.

It is the duty of a town to provide means for the payment of its bonds lawfully issued. In case of failure to perform this duty, the holder of the bonds may maintain an action against the town thereon; and this, although by the act under which they were issued, it is made the duty of the board of supervisors of the county to impose and levy a tax to pay the bonds.

*It seems,* that the holder of the bonds having thus a legal remedy, could not resort to a mandamus against the board of supervisors.

Such settled and admitted obligations of a town do not require to be audited and allowed by the board of town auditors.

Under the provisions of the act of 1869 (chap. 590, Laws of 1869), legalizing the proceedings of a special town meeting of the electors of defendant, at which a tax was voted for the payment of bounties to those furnishing substitutes under the call of the President of July, 1864, and making it the duty of the board of town auditors to audit and allow claims therefor, such board was authorized to audit the claims at a special meeting called for that purpose; they were not limited in their action to the annual meeting prescribed by statute for the auditing of town accounts.

Under said act the officers authorized thereby (§ 3) to issue town bonds for the sums audited were vested with a discretion as to the form of the obligations and the time of payment.

The repeal of said act by the act of 1873 (chap. 21, Laws of 1873), did not affect bonds already issued. The vested rights of the holders of the bonds cannot be defeated by subsequent legislation.

(Argued January 24, 1876; decided February 1, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court upon trial without a jury. (Reported below, 1 Hun, 554; 4 T. & C., 116.)

This action was brought upon three bonds issued by defendant under and in pursuance of chapter 590, Laws of 1869.

The act legalizes the proceedings of a town meeting held by defendant's electors, at which it was voted to raise money by tax to pay to each one furnishing substitutes under the call of the president of July, 1864, the sum of $200. It

authorized (§ 2) the board of town auditors, at any meeting, to audit and allow to each individual furnishing a substitute to the credit of the town $200, with interest, and provided (§ 3) that the supervisor and town clerk, on certificate of a majority of the auditors, should issue a bond for the sum so audited to each person who had furnished a substitute.  The three persons to whom the bonds in suit were issued furnished substitutes and presented their claims to the board of town auditors at a special meeting of the board held for the purpose of auditing claims.  Under the act said claims were audited and allowed and the bonds in suit were issued.  By the bonds, which were dated June 11, 1869, the town was obligated to pay the amounts on the 1st day of February, 1873, with annual interest, at the office of S. S. Marsh, Little Valley.

It was claimed by the defendant's counsel that as by said act (§ 5) it was made the duty of the board of supervisors of the county, at any annual meeting, to levy taxes upon the taxable property of the town for the payment of these bonds, no duty was imposed upon the town to provide money for their payment, but that plaintiff's remedy was by mandamus against said board; also that the officers issuing the bonds had no authority to fix the time and place of payment, or to provide for the payment of interest; also that the repeal of said act of 1869, by the act chapter 21, Laws of 1873, invalidated the bonds.

*Henderson & Wentworth* for the appellant.  The court erred in deciding that this action could be maintained on the facts proven.  (Laws 1869, chap. 590; *Lorillard* v. *Town of Monroe*, 11 N. Y., 392; *People* v. *Bd. of Auditors of Westford*, 38 How., 23; 53 Barb., 555; *Northrup* v. *Town of Pittsfield*, 2 N. Y. S. C., 108; *People* v. *Martin*, 58 Barb., 286; *Rich. Co. G. L. Co.* v. *Town of Middletown*, 1 N. Y. S. C., 433.)  The board of town auditors had no authority or jurisdiction under the second section of chapter 590, Laws of 1869, to audit the claims at their meeting June 11, 1869.

(3 Gen. Stat., 302, 303; *People* v. *Suprs. Queens Co.*, 1 Hill, 195, 200; *People* v. *Auditors of Westford*, 53 Barb., 555; 38 How., 23.) The bonds are void because the auditors, supervisor and town clerk had no authority to bind the town to pay such obligations. (Laws 1869, chap. 590, §§ 3, 5.)

*Cary & Jewell* for the respondent. Plaintiff's remedy was by action against the town in its corporate capacity and not by mandamus. (Laws 1869, chap. 590, § 4; 2 R. S., 473, § 90; 1 id., 337, § 1; *People* v. *Croton Aque. Bd.*, 49 Barb., 264; *Brown* v. *Town of Canton*, 4 Lans., 409; *Ex parte Lynch*, 2 Hill, 46; *Hathaway* v. *Town of Solon*, 5 Lans., 267; *Northrup* v. *Town of Pittsfield*, 2 N. Y. S. C., 108; *Sun Mut. Ins. Co.* v. *Mayor, etc.*, 8 N. Y., 240.) The act of 1869 was constitutional and the tax valid. (*Guilford* v. *Suprs. Chenango Co.*, 13 N. Y., 143; *St. Joseph Township* v. *Rogers*, 16 Wall., 645; *Brewster* v. *City of Rochester*, 19 N. Y., 116.) Chapter 21, Laws of 1873, is a nullity so far as it affects plaintiff's right. (*People ex rel. Fountain* v. *Suprs. of Westchester*, 4 Barb., 64; *Benson* v. *Mayor, etc.*, 10 id., 223; *Bklyn. Cent. R. R. Co.* v. *Bklyn. City R. R. Co.*, 32 id., 358; *Conley* v. *Palmer*, 2 N. Y., 182; *Vanderkar* v. *Rens. R. R. Co.*, 13 Barb., 390.)

Miller, J. The plaintiff's claim is founded upon three several bonds purporting to have been issued in pursuance of chapter 590 of the Laws of 1869. The act in question legalizes the acts and proceedings of the electors at a special town meeting which had previously been held for the purpose of raising money to pay bounties for furnishing substitutes; authorizes the board of town auditors to audit such claims, and the issue of town bonds to each person furnishing a substitute as therein provided. The fourth section of the act declares that said bonds shall be legal claims against the town; and the fifth section makes it the duty of the board of supervisors, at any annual meeting, to levy and impose a tax for the payment of said bonds. The bonds being issued

as the law requires, the town is obligated to provide means for the payment of the same.   And the several amounts thereby secured are not in the nature of unliquidated demands, which are required to be audited and allowed by the board of town auditors, and which these officers are authorized by law to adjust and settle.   As each of the bonds upon its face is an admitted debt against the town, which it is liable to pay, the question arises whether an action will lie to recover the amount, or some other remedy must be adopted for that pur-pose.   It is insisted that no duty or obligation of providing the money and paying the bonds is imposed upon the defend-ant, and that the remedy is by mandamus against the board of supervisors.   This position is, I think, erroneous, and cannot be upheld.   The provision of the fifth section of the act, which requires the board of supervisors to levy taxes for the payment of said bonds, is a duty imposed upon public officers with a view of carrying out the general purposes of the law ; and after the bonds are issued and in the hands of *bona fide* holders, they constitute a lawful demand against the town, for the payment of which its officers are bound to provide.   Upon their failure to do so, an action lies against the town, which, as a body corporate, can sue and be sued in the manner prescribed by the laws of this State (1 R. S., 337, § 1 ; 2 id., 473, § 95) ; and if a judgment is obtained, it becomes a town charge (1 id., 357, § 8), which is to be laid before the board of supervisors, and the amount assessed, levied and collected the same as other contingent charges against the town.   Numerous decisions in the Supreme Court sustain an action against a town in cases of a similar character.   The subject is fully discussed in *Brown* v. *The Town of Canton* (4 Lans., 409 ); *Hathaway* v. *The Town of Solon* (5 id., 267) ; *Northrup* v. *The Town of Pitts-field* (2 T. & C., Sup. Ct., 108), and does not require elaboration.

In *Brown* v. *The Town of Canton (supra)*, the action was upon an instrument executed to secure bounty money, similar in its character to that upon which this action is brought.

The right to prosecute a town by action in similar cases is also sanctioned by this court in *Hathaway, Supervisor,* v. *The Town of Cincinnatus,* recently decided. The case last cited has all the essential features of *Hathaway* v. *The Town of Solon* (*supra*), and the point discussed was distinctly presented and decided. As the plaintiff had · a clear legal remedy by action against the town, and the liability of the defendant was beyond any question, a mandamus would not lie. (*Ex parte Lynch,* 2 Hill, 45 ; *Perkins* v. *Hawkins,* 46 N. Y., 9 ; *People* v. *Croton Aqueduct Board,* 40 Barb., 264.) Most of the authorites relied upon to sustain the right to a mandamus in a case like this are reviewed and considered in some of the cases already cited, and a further examination is not required. There was no duty, therefore, incumbent upon the plaintiff, nor any legal obligation, to seek a remedy by a mandamus against the board of supervisors.

The objection made that the board of town auditors had no authority to audit the claims upon which the bonds were issued, at the time named, is not well taken. They are authorized to make the audit at any meeting of the board by the second section of the ·act. This does not mean the annual meeting only, but at such meeting as may be convened for that purpose. Considering the object of the act, it is fair to assume that an early meeting of the board was intended, and that no great delay was designed in adjusting the claims provided for. The time of the meeting, as well as the form of the obligations to be issued, and the time of payment, to which objections are now made, were evidently intended to be vested in the discretion of the officers who were authorized to issue the bonds, and it is not apparent that they have exceeded their jurisdiction in any of the particulars named. It may also be added that the objections last considered do not appear to have been presented upon the trial, and for that reason they are not now available.

It is too evident to require discussion that the repeal of the act of 1869, by chapter 21 of the Laws of 1873, could not affect the bonds already issued, and the holders have a vested

right to collect the same, which the law fully protects. Good faith demands that those rights should be protected, and they cannot be impaired by any subsequent modification or repeal of the statute under which they were issued.

The judgment was right, and must be affirmed.

All concur.

Judgment affirmed.