SARAH L. HORN, Appellant, *v.* THE TOWN OF NEW LOTS, Respondent.

Where an assessment is not only unconstitutional and void, but has been so judicially declared and the invalidity is such that it must appear upon the proof necessary to be made to sustain proceedings under it, it is not essential to the maintenance of an action to recover back moneys collected under the assessment that it should first be judicially vacated.

*Peyser* v. *The Mayor* (70 N. Y. 497), *In re Lima* (77 id. 170), *Wilkes* v. *The Mayor* (79 id. 621), distinguished.

Bonds issued in pursuance of a statute for and in the name of a town, to defray the expenses of a local improvement, are not necessarily invalid because of illegality of the provisions in the act for the levying of an assessment to pay the bonds.

An action for moneys had and received is maintainable against a town to recover moneys of another wrongfully taken by it and applied to its own use.

*City of R.* v. *Town of R.* (80 N. Y. 302), distinguished.

Plaintiff's complaint alleged in substance that there was a sum of money belonging to her in the official custody of the county clerk of K. county, the same being the surplus arising upon the foreclosure of a mortgage upon certain lands belonging to her in the town of N. L.; that an assessment for a local improvement had been in form laid upon said lands in pursuance of certain statutes which were unconstitutional and void and the assessment invalid; that a tax was levied upon the premises to pay such assessment and a warrant issued to the collector of said town, who, by virtue thereof, levied upon and took said money from the county clerk and paid it to the county treasurer to the credit of the town; that bonds of the town had been issued to provide for payment of the expenses of said improvement, which were valid obligations of the town, and the money so paid was applied to the payment of said bonds, and that said town had wrongfully taken and received said money, without the knowledge or consent of the plaintiff, and applied it to its own use, and had failed and neglected to pay over the same. *Held*, that the complaint set forth a good cause of action against the town, and that a demurrer thereto was improperly sustained.

(Argued November 12, 1880; decided December 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered July 30, 1879, affirming a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint.

The substantial allegations of the complaint and the grounds of the demurrer are set forth in the opinion.

*J. F. Mosher* for appellant. The law authorizing the assessment being unconstitutional and void it was invalid and it was not necessary to bring an action to have it vacated. (*Stuart* v. *Palmer*, 74 N. Y. 183, 188; *Wells* v. *City of Buffalo*, 21 Alb. L. J. 234; *Townsend* v. *The Mayor*, 77 N. Y. 542, 546; *Bank of Commonwealth* v. *Mayor*, 43 id. 184; *Peyser* v. *The Mayor*, 70 id. 497; *Kamp* v. *Kamp*, 59 id. 212; *Newman* v.

*The Supervisors*, 45 id. 676, 688.)    The reference in the com-
plaint to the acts relating to the assessment is as effectual as
if they were set out at length. (Code Civ. Proc., § 530.)
Notwithstanding the invalidity of the assessment the bonds
issued by the supervisor under the same acts were valid obliga-
tions and the defendant was liable thereon. (*Knapp* v. *Town of
Newtown*, 1 Hun, 268; *Marsh* v. *Town of Little Valley*, 64
N. Y. 112; *Moore* v. *The Mayor*, 73 id. 238, 251; *Howell* v.
*City of Buffalo*, 37 N. Y. 267, 272.)    The defendant's bonds
having been issued to defray the expense of constructing a
highway in the town were valid, although the construction of
the highway was directed by the legislature, and the bonds
were issued only through one of the town officers, without any
provision being made for obtaining the consent of the citizens
or the town authorities, either to the opening of the road or
the issue of the bonds. (*People ex rel. McLean* v. *Flagg*, 46
N. Y. 401; *People* v. *Batchellor*, 53 id. 128, 138; *People* v.
*Ingersoll*, 58 id. 1, 30; *People* v. *Tweed*, 63 id. 202, 207;
*People* v. *Banks*, 67 id. 568, 575.)    The defendant having
received the benefit of the money, in the payment of its valid
obligations, is liable to refund it to the plaintiff as money had
and received to her use. (*Hathaway* v. *Town of Homer*, 5
Lans. 267; approved in 64 N. Y. 115, 116; *Hathaway* v.
*Town of Cincinnatus*, 62 id. 434, 447; *Gould* v. *Town of
Oneonta*, 3 Hun, 401; affirmed, 71 N. Y. 298; *Bank of Com-
monwealth* v. *The Mayor*, 43 id. 184; *Newman* v. *Supervisors*,
45 id. 676, 682.)    The defendant has capacity to sue and be
sued in and by its town name. (1 R. S. 337, § 1, sub. 1; id. 356,
§ 1; id. 357, § 2; 2 id. 473, § 95.)    It was not necessary to
make any demand on the town or present the claim before
commencing suit. (*Newman* v. *Supervisors*, 45 N. Y. 676,
689; *Brown* v. *Town of Canton*, 4 Lans. 409, 411; 1 R. S.
358, § 2; 3 N. Y. S. at L. 302, § 1; Laws 1875, chap. 180;
Laws of 1877, chap. 99.)

*Frank Crooke* for respondent.    The assessment never
having been vacated this action could not be maintained.

( *Wilkes* v. *Mayor, etc.,* 21 Alb. L. J. 32; *Peyser* v. *Mayor, etc.,* 70 N. Y. 497; *In re Lima,* 77 id. 170; *Rochester* v. *Rush,* 10 N. Y. Weekly Dig. 115.)

FOLGER, Ch. J.   This case comes here on appeal from a judgment sustaining a demurrer to the complaint.  The ground of demurrer is that the facts stated in the complaint do not show a cause of action against the defendant.   The action may be called one for money had and received by the defendant to the use of the plaintiff.   The averments of the complaint being taken as true, it appears that there was a sum of money belonging to the plaintiff in the official custody of the county clerk of Kings county.   The money was the surplus arising upon the foreclosure of a mortgage upon certain lands in the town of New Lots, devised to the plaintiff, which mortgage was laid upon them by the devisor of the plaintiff; it was foreclosed after his death.   An assessment had been in form laid upon these lands, to raise money to pay the expenses of a local improvement, by which they were benefited, or supposed to be.   This assessment was laid in pursuance of acts of the legislature.   (Laws of 1869, chap. 217, § 4, vol. 1, p. 407; Laws of 1870, chap. 619, § 3, vol. 2, p. 1436.)   Those acts were unconstitutional and void, and the assessment was of no validity or effect.   (*Stuart* v. *Palmer,* 74 N. Y. 183.)   The board of supervisors of Kings county, supposing the legislative acts to be valid in that regard, levied a tax upon the premises to pay the assessment, and issued their warrant to the collector of the town of New Lots for the collection of it.   He levied upon and took the money from the custody of the clerk and paid it to the county treasurer of Kings county, to the credit of the town of New Lots on account of the assessments. In the progress of the local improvement and by mandate and authority of acts above cited, bonds of the town of New Lots had been issued to provide for the payment of the expense of the improvement, in anticipation of the collection of the assessments therefor.   It is alleged that they were valid obligations of the town.   The money paid to the county treasurer

was applied to the payment of these bonds. It is not averred how or by whom the money was thus applied. It is also averred that the town of New Lots had wrongfully taken and received, without the knowlege or consent of the plaintiff, that money, the property of the plaintiff, and applied it to its own use, and had wholly failed and neglected to pay over the same to the plaintiff.

We think that it cannot be successfully denied that the plaintiff had a right to recover against some one for the money. It was her's as being the result of a conversion by judicial proceedings into personal property of real estate devised to her. It was taken from her, she neither willing nor consenting thereto, without lawful right. Though taken under the formality of law, the legislative acts were void and the assessment invalid. But we are not now concerned to determine against whom of those other than the defendant, who touched her money, she might properly have brought the action. The question here is, can she maintain it against the town of New Lots? The question was disposed of in the learned court below against her, on the ground that the allegation in her complaint, that the law authorizing the assessment was unconstitutional and void, is not tantamount to an averment that it was void on its face; that she was legally bound to pay the assessment until it was vacated; and that her only remedy is a reversal of the adjudication by which the assessment was laid. But we have held in *Stuart* v. *Palmer* (*supra*), not only that this assessment was unconstitutional and void, but that its invalidity must at once appear whenever it is brought into a judicial focus; and that, for that reason, a suit in equity to vacate it as a cloud upon title cannot be maintained. There are judgments that to recover back money paid or taken on an illegal assessment, there must first be a vacating of the assessment by judicial power. (*Peyser* v. *The Mayor*, 70 N. Y. 497; see, also, *In re Lima*, 77 id. 170; *Wilkes* v. *The Mayor*, 79 id. 6.21.) But they apply only in cases of assessments where the invalidity is so to speak latent, and does not appear upon the proof that must be made to

sustain proceedings under them. (*Marsh* v. *City of Brooklyn*, 59 N. Y. 280.)

The defendant urges various reasons why the action may not be maintained against it; that the town was only the enforced agent of the State in issuing the bonds and laying the assessment to provide for the payment of them, and had no discretion or interest or voluntary act in the matter; that if the assessment was invalid the town bonds were also so, as they were inseparable parts of one scheme. But these reasons are not good. So towns were enforced agents in raising men for the Union army in the late rebellion, and in issuing their obligations for bounties, yet they were held liable, and the bonds declared to be town charges. (*Marsh* v. *Little Valley*, 64 N. Y. 112.) The bonds issued for or in the name of the town may be good though the assessment be invalid; the legislature had power to direct the improvement, and to put the burden of providing the means therefor upon the town (*People ex rel.* v. *Flagg*, 46 N. Y. 401); and a contract made under lawful power is not avoided by the illegality of provisions in the same act for the levying of an assessment. (*Moore* v. *The Mayor*, 73 N. Y. 238.)

The defendant also urges that the money never came into the hands of the town. There is an averment in the complaint, as we have above stated, that the defendant had wrongfully taken and received the money, and applied the same to its own use. Now this averment, if it were against a natural person, or against an artificial entity, capable of taking money and applying it to its own use, would be sufficient, with the other facts alleged, to show a cause of action. Nor must it be construed in any other way, because of the character and capacity of the defendant against whom it is asserted. We know, to be sure, that a town, by the law of the State, is not a full corporate body; that it has no treasury or treasurer; that nearly all acts done for it and in its name are by certain officers whose offices are created by statute, such as supervisor, clerk, commissioners of highways, overseers of the poor and the like, who receive the moneys raised for the public purposes of the

town, and disburse them for the public good or to meet public duties. But an averment that the town of New Lots took and received this money, and applied it to its own use, is of more effect than to say that some officer of that town, supervisor, commissioner or the like, took, received and applied it. A receipt by any of those authorities of the town, and an application by them to the purposes of the town might not raise a liability against the town as a political division of the State. They, it is said, do not stand for the town. Their functions are prescribed by statute. They receive and pay out money as officers, in the performance of their own official duty. The town may not be liable for the receipt, nor for the failure to pay, nor for the ill-judged or unlawful payment. Therefore, this action against the town itself, by an averment in the complaint that the money was paid to the public authorities thereof, might appear to be without cause. So we held in *The City of Rochester* v. *The Town of Rush* (80 N. Y. 302). There the statement of fact was that the money was paid to the authorities of the town in payment of the expenses of the town. It is not stated that it ever went from the hands of the officers to the use of the town. The averment of fact now before us is that the town had and received the money, and applied it to its own use; and that averment is aided by the other, that the money was applied in payment of those bonds of the town. Taken together, the allegation is that the town received the money, and with it made payment of its bonds, or some of them. The bonds, as we have seen (64 N. Y., *supra*), were town charges, for which the town was liable. By their payment, a town charge and liability was discharged. We have before this affirmed judgments recovered against a town for money of another had and received by the town, and applied to its use. (*Hathaway* v. *Cincinnatus*, 62 N. Y. 434–447, cited and approved of in 64 id., *supra; Gould* v. *Oneonta*, 71 id. 298; *Supervisors of Dutchess* v. *Sisson*, 24 Wend. 387; *The People ex rel.* v. *Hawkins*, 46 N. Y. 9.)

It is not to be denied that the legislation of the last two

decades of years, wise or otherwise, has affected, I may say has changed, the character and capacity of the simple township of former days. The legislature has imposed liabilities and obligations and corresponding duties upon it, that have made it something different from a mere political division of the State, and brought it in character and capacity nearer to a municipal corporation. The legislature has commanded a town in the State to issue bonds. They are to be the bonds of the town; when issued they are the bonds of the town; not of any officer of the town, not of the persons dwelling at the time in the town, not of the property situated there. So far, then, the township has been, by legislative power, made an entity, with capacity as a town to incur a debt and make an obligation, and become liable to pay. With this capacity must of need go the power to pay, the power to get money to pay, the power and capacity to receive money for its use in making payment. And therewith must go all incidents that follow that power and capacity. If by chance it gets the money of any one without the right to it, for the purpose of meeting its obligations, and applies that money to its own use in meeting them, it follows that it incurs a liability to that person therefor, as well as would a natural person, or any municipal corporation, doing the same thing. To this end are the cases just above cited.

The judgments sustaining the demurrer should be reversed, the demurrer overruled, with leave to the defendant to answer over on payment of costs.

All concur, except EARL, J., not voting.

Judgment accordingly.