ROBERT F. BRUNDAGE, RESPONDENT, *v.* THE VILLAGE OF PORTCHESTER, APPELLANT.

*Contract to grade streets — when the contractor is not chargeable with notice of the want of authority in the village to make it — right to recover money wrongfully applied by the village to pay an invalid assessment — an action to recover it is barred in six years.*

The plaintiff entered into a contract with the defendant to grade an avenue in the village of Portchester for a sum named. After the completion of the work the defendant insisted upon deducting, and did deduct, against the plaintiff's objection, the amount assessed for benefits resulting from the improvement upon two pieces of property owned by the plaintiff, from the amount due upon the contract and paid the balance due thereon to him, giving him therewith receipts

for the amounts of the assessments.   Subsequently, in actions brought by other persons who were assessed for the said improvements, the assessments were adjudged to be illegal and void upon the ground, among others, that the avenue graded was not a public highway.   The balance due upon the plaintiff's contract was paid to him in 1874.   This action was brought, in 1883, to recover the money so retained by the defendant and to have the assessments upon the plaintiff's property, so far as they were paid by such money, vacated and canceled.

*Held*, that an action to recover the money so withheld by the defendant might have been brought by the plaintiff, but that this action was barred by the statute of limitations, as it was not brought within six years from the time when the plaintiff's right to recover the money arose.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover an amount which the plaintiff alleged was due to him upon a contract made with the defendant in 1874, which amount the defendant had wrongfully withheld and applied to the payment of certain illegal and invalid assessments imposed upon property belonging to the plaintiff.   It was also sought to have the said assessments, to the extent of the money paid, canceled and vacated.

*Isaac N. Mills*, for the appellant.

*Wilson Brown, Jr.*, for the respondent.

BARNARD, P. J.:

It was not claimed upon the trial that the assessments for grading Hoseco and Irving avenues were legal and valid assessments.   The answer sets up facts going to show that the assessment was illegally imposed, and directly charges that Hoseco avenue was not a public highway and that the defendant had no right to take any proceedings to grade the same.   The judgment of Trage against the defendant, of Merritt against the defendant, were read in evidence, showing that the other avenue (Irving) was not a public highway, and that, therefore, any assessment was illegal to grade the same. These judgments were read in evidence without objection, and they established a judicial annulling of the assessments.

The case then becomes a simple one.   The village attempted to grade two avenues without right, and impose assessments therefor. Brundage was a contractor to grade one (Hoseco) avenue, and he

was assessed as an owner of land. The defendant compelled the plaintiff to pay this assessment and illegally and improperly received his money. Though taken under the formality of law, it was in fact illegal. An action to recover back money illegally collected by a municipality under forms of law lies. (*Horn* v. *Town of New Lots*, 83 N. Y., 100.)

There is no distinction between an actual receipt of the money and an application of the amount of the assessment compulsorily and under duress of sale, forced from the plaintiff by means of a deduction from a legal claim. The claim was thereby extinguished if the assessment had been good. The defendant did have the money by an expenditure for its benefit. The illegality of the assessment cannot be set up as against the contract with the plaintiff. The defendant had a general power over the streets in the village, and it had power to cause the streets to be opened and graded and worked    The plaintiff was not bound to see if the particular street or avenue which he contracted to grade was legally opened and the assessment proceedings properly followed    (*Moore* v. *The Mayor*, 73 N. Y., 238 ; *Horn* v. *Town of New Lots*, 83 N. Y., 100.)

We think, however, that the plaintiff's claim is barred by the statute of limitations. The money was paid in 1874. The assessment as such has never been set aside, and the plaintiff does not ask to set it aside beyond the payment so made by him. The action is one purely to recover back money paid under duress. That action was barred in six years. (Code Civ. Pro., § 382.) It is the old action of money had and received. The basis is contract. The law implies a promise to pay back money which the party receiving cannot, in equity and good conscience, retain. The action was perfect at the instant payment was made. A payment before the tax assessment was reversed, would not have been voluntary. (*Bank of the Commonwealth* v. *The Mayor*, 43 N. Y., 184.) The assessment was a judgment, and defense to it was of no avail to defend against it while it was unreversed. The case cited does not hold that a payment made on a void assessment can be recovered beyond six years after the payment was made. The demand that the plaintiff's assessment be set aside, so far as the money in question paid, does not increase the time in which to bring the action.

The plaintiff's claim to the money does not depend in any way upon the setting aside of the assessment. If it is in fact illegal, it is a mere cloud upon title which it was proper to remove, but whether it be removed or not, the plaintiff is entitled to the money illegally paid under it.

The judgment should be reversed and a new trial granted, costs to abide event.

Present — BARNARD, P. J., and PRATT, J.; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.