ALBERT DAY, APPELLANT, v. THE TOWN OF NEW LOTS,
RESPONDENT.

*Action for money had and received — when it lies against a town for money collected
on an invalid assessment.*

May 3, 1872, the plaintiff purchased certain lots in the town of New Lots, the
defendant, at a sale under a judgment of foreclosure of a mortgage, which
judgment directed that all taxes and assessments should be paid by the referee,
out of the proceeds of the sale. There were then two unpaid assessments, one
of $2,874.39 for improving Atlantic avenue, laid under chapter 217 of 1869,
and chapter 619 of 1870, and one of $1,499.93, for opening Atlantic avenue.
The report of the referee showed a surplus of $2,497.18, which was paid
over to the county clerk. February 1, 1874, the collector of the said town
collected and received from the said fund the sum of $2,197 82, under a war-
rant issued by the board of supervisors of Kings county, to collect the afore-
said first mentioned assessment, and the said money was paid over to the
county treasurer, who used the same in paying off bonds, issued by the town
of New Lots under a special act passed to pay the cost of the said improvement.
In 1878 this first assessment was held by the Court of Appeals to be invalid,
because of the unconstitutionality of the laws under which it was levied.
Subsequently the plaintiff was compelled to pay, over and above the price
paid to the referee on the foreclosure sale, the amount of the aforesaid second
assessment of $1,499.93.
*Held*, that he was entitled to recover this latter amount, in an action brought
against the town for money had and received. (PRATT, J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered
upon the trial of this action by the court, without a jury.

This action was brought by the plaintiff, who had purchased cer-
tain premises in the town of New Lots at a foreclosure sale, on
May 3, 1872, to recover from the defendant money alleged to have
been received by it from him, in payment of an invalid assessment.
The money was alleged to have been received by the county treasurer
from the town collector, who took it on February 1, 1874, from the
county clerk, under a warrant issued by the board of supervisors
of Kings county.

*B. C. Chetwood*, for the appellant

*John H. Bergen*, for the respondent.

DYKMAN, J. :

This is an action for money had and received from the plaintiff for the use of the defendant, under the circumstances now to be specified. The plaintiff became the purchaser of certain premises on Atlantic avenue, in the town of New Lots, at a judicial sale, by a referee, under a judgment in the Supreme Court, in an action to foreclose a mortgage. He paid the purchase-money and received his deed.

The judgment under which the sale was made contained the usual direction for the payment of taxes and assessments out of the purchase-money by the referee. Among the liens on these premises was an assessment of $2,874.39, laid to raise money for the improvement of Atlantic avenue, in pursuance of chapter 217 of the Laws of 1869, and chapter 619 of the Laws of 1870.

The provisions of those laws, for the expenses of regulating and grading the avenue, were declared unconstitutional, and the assessment laid thereunder was declared void by a decision of the Court of Appeals in the case of *Stuart* v. *Palmer* (74 N. Y., 183).

To provide for the payment of the expenses of the improvement in anticipation and advance of the collection of the assessments, the bonds of the town of New Lots were issued obedient to the mandate of the legislature in the two special acts referred to above. There was also a valid assessment against the property purchased by the plaintiff for $1,499.93 for the opening of Atlantic avenue.

It is found by the trial court that there was a surplus arising from the sale of $2,497.18, which was deposited by the referee with the clerk of Kings county, and that the collector of taxes of the town of New Lots received therefrom the sum of $2,197.82, under a warrant issued to him by the supervisors of Kings county to satisfy the invalid assessment on the premises purchased by the plaintiff, which sum was applied by the county treasurer to the payment of the bonds theretofore issued by the supervisor of the town of New Lots, as before stated.

The valid assessment of $1,499.93 was for taxes of 1871, and three installments of the assessments for opening Atlantic avenue, and they were, with others, received by the State as security for $51,000, advanced by the State to the county treasurer, and the

remainder of the bonds of the town of New Lots were paid with that money so advanced by the State.

In November, 1883, the plaintiff paid to the State comptroller the sum of $1,499.93 for the taxes and valid assessment against his property above his bid for the property. This, as has been seen, was in part payment of the sum of $51,000 advanced by the State, which had been used to retire the bonds of the defendant, so that, in fact, the money paid by the plaintiff went to replace money which had been used to discharge the liability of the town, and this action is for its recovery. The judgment was adverse to the plaintiff in the trial court, and he has appealed therefrom. It has been seen that the warrant issued to the collector by the supervisors was for the collection of the invalid assessment for regulating and grading Atlantic avenue, through the town of New Lots, and that under it he received the surplus money arising from the sale and deposited with the county clerk by the referee who made the sale, and, further, that the county treasurer applied these moneys to the payment of the bonds of the town of New Lots. The invalid assessment was therefore paid by the plaintiff, and afterwards he was required to pay the valid assessment.

This action is not for the recovery of the money paid on the valid assessment, but for the money misappropriated to the payment of the invalid assessment, and the sum of $1,499.93 measures the recovery because the plaintiff has been compelled to pay that sum above his bid for the property by reason of the misapplication of the money, and the town has received the money because it was applied to the payment of the town bonds.

The defendant received the benefit of the payment in the reduction of its bonded debt. It is insisted for the defendant that the town bonds paid by the county treasurer were not issued for any town purpose, and that the money applied in their payment was not received by the town, and that its receipt and application by the town and county officers creates no liability against the town, but we cannot yield assent to the proposition. It was within the competence of the legislature of the State to command the town to issue these bonds, and when they were issued they were the obligation of the town. It is referable to the legislative power of taxation, which is unrestrained in this State.

The imposition of taxes is an attribute of sovereignty, and this legislative power of taxation is unlimited and subject to no judicial control or review, either in respect to the object, the burden or the persons or property to sustain the same, or its mode of imposition or collection. (*People ex rel. Griffin v. Mayor, etc.*, 4 Comst., 419 ; *Brewster v. Syracuse*, 19 N. Y., 118.) Under such unlimited power a tax may even be imposed to pay an expense incurred under an unconstitutional law. (*People v. Haws*, 34 Barb., 69.) It matters not that town officers are not agents of their town, nor that the defendant was the enforced agent of the State to make the bonds retired by the plaintiff's money, nor that the assessment for the improvement was invalid. (*Horn v. Town of New Lots*, 83 N. Y., 105.) The bonds were valid though the provisions in the law requiring their issuance was illegal and unconstitutional. (*Moore v. The Mayor*, 73 N. Y., 238.) The money sought to be recovered was applied in payment of the bonds of the defendant, and they were a debt and charge against the town, and by their payment a liability of the town was discharged and an action may be maintained against the town by the plaintiff for money had and received by the town and applied to its use. (*Hathaway v. Cincinnatus*, 62 N. Y., 434.)

The whole examination discloses the presence of all the elements essential to a cause of action for money had and received. The money sought belonged to the plaintiff and was actually appropriated to the use of the defendant. The amount paid was above the liability of the plaintiff, and was not paid voluntary. Where the fault was is quite immaterial ; the plaintiff paid the money and the defendant received the benefit of the payment, and equity requires the return of the money.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred.

PRATT, J. (dissenting) :

It was not the fault of the defendant, the Town of New Lots, that the plaintiff was compelled to pay money which he ought not to have paid, or that the surplus arising from the foreclosure sale was not properly disposed of. The money which the plaintiff paid to the comptroller was paid upon a valid assessment, and none of

that money went to the town. It does not follow because the surplus was improperly applied that a cause of action arose in favor of this plaintiff. The surplus did not belong to him ; he had an interest that the liens should be extinguished before he took title, and if there was a failure of duty to pay off the liens the plaintiff's remedy must be sought against those who failed in that regard. The only complaint that the plaintiff can make is, that the proceeds of the sale were not properly applied to the payment of the liens. This was certainly not the fault of the defendant or any officer authorized to act for the defendant ; but the contention is, that a part of this surplus was applied in the payment of bonds which had been issued by the town, and therefore that the town was benefited to that extent. But I cannot see upon what principle it follows that a cause of action arises in favor of this plaintiff against the town. The money was surplus, and *prima facie* belonged to the owners of the equity. Again, this surplus instead of being issued to pay off valid assessments, was deposited and was seized upon by the collector of the town, acting not for the town, but acting under a designation by the legislature in pursuance of acts 1869 and 1870, relating to local improvements out of which the liens arose. No part of the money in question was ever received by the town as such, or used by the town, and the mere receipt of it, upon the authority of the statutes before mentioned, does not create any liability on the part of the town. The money for which this suit is brought was paid by the plaintiff upon a valid assessment. The argument is, that he would not have had to pay this assessment if the plaintiff and the referee had done their duty upon the foreclosure decree ; if that is the fact, then his remedy is against those parties. The town as such never authorized its collector to levy upon any of these surplus moneys, and has never ratified any such act and never received any of the money. There is no principle upon which a town may be made an involuntary debtor in any greater respect than an individual. The mere fact that the legislature designated certain town officers as agents to carry out acts of local improvement, did not constitute them agents of the town, or in any respect make the town responsible for any default or malfeasance of those officers in the performance of their duties. This is not a case where the money of a party has been taken and

appropriated, and the party ratifies the taking and seeks to follow the fund as a trust, for the reason that it was not his money that was taken. The proposition is that another person's money was taken and unlawfully appropriated, by reason of which he has been obliged to pay a valid assessment which should have been paid by the same money. The parties liable must be those who performed the act by which the plaintiff suffered. From the facts in this case it appears that the surplus moneys were paid over to the clerk of Kings county; one Palmer, then collector of the defendant, under a warrant issued by the board of supervisors of Kings county, received those surplus moneys from the clerk and paid the same over to the county treasurer of Kings county. It was not paid over to the county treasurer to discharge any debt of the defendant, or as any part of the defendant's taxes or assessments for that year, but it was so paid over by Palmer and received by the treasurer under the authority of the special acts of the legislature, chapters 217 of the Laws of 1869; 619 of the Laws of 1870, and 56 of the Laws of 1873. The county treasurer afterwards paid and retired certain bonds of the town of New Lots, by paying the money directly to the holders of such bonds. The bonds in question were originally issued by the supervisor of the town under the authority of chapter 619 of the Laws of 1870, and could only be used in payment of the expenses of improvements instituted under the said act, and the assessment was directed to be levied for the purpose of paying them. They were not town bonds in the exact acceptation of that term, though they were issued by the supervisor in the name of the town. They were issued by direction of the legislature for a special purpose and were and could only be used for that purpose by the terms of the act. They were not issued for any town purpose, nor were any of the proceeds used for any purpose of the town. It was a separate and distinct scheme of local improvement to be entirely carried out and completed by the proceeding provided for by the acts above referred to, and with which the town of New Lots had nothing to do, although some of its officers were ex-officio, used as instruments by the legislature to carry out the scheme of the act.

Upon principle, I cannot see that the town of New Lots is liable for the acts of the collector of taxes in collecting and receiving the

money deposited as surplus and paying it to the county treasurer, or how it is liable for any act of the county treasurer in appropriating such money to the payment of the bonds in questions. (*Swift v. City of Poughkeepsie*, 37 N. Y., 511.) In what the collector and county treasurer did they acted under those special statutes, and did not perform any function in their official capacity for the town, but they received and paid out the money in the performance of their duties as agents of the State, to carry out those local improvements, and the town, as such, never received any part of the money. (*Lorillard* v. *Town of Monroe*, 11 N. Y., 392; *People ex rel. Van Keuren* v. *Board of Town Auditors*, 74 id., 311.)

Upon no ground can this action be sustained.

Judgment reversed and new trial granted, costs to abide event.