### PEOPLE *ex rel.* NEW YORK UNDER-GROUND RY. CO. *v.* NEWTON, Commissioner, *et al.*

*(Superior Court of New York City, General Term. December 1, 1890.)*

**MANDAMUS—WHEN PEREMPTORY WRIT REFUSED.**
A corporation, claiming the right to construct an under-ground railway in streets of the city of New York, applied for a *mandamus* to the commissioner of public works, requiring him to issue to the company a permit to make openings in the streets necessary for constructing the railway. Upon the return to the alternative writ it appeared that the right claimed was doubtful, and that the project threatened the city with serious disturbance and wide-spread inconvenience; and no reason was apparent why the rights of the relator should not be ascertained and asserted by action, nor was any urgent necessity for a *mandamus* shown. *Held,* that a peremptory writ should not be granted.

Appeal from special term.

Application on the relation of the New York Under-Ground Railway Company for a *mandamus* to John Newton, commissioner of public works, and D. Lowber Smith, deputy commissioner of public works, of the city of New York, requiring the issue of a permit to the relator to make openings in the streets of the city to construct an under-ground railway therein. An alternative writ of *mandamus* was issued, and on such writ, and the return thereto, and findings of a jury by direction of the court on trial of the issues arising thereon, and on a supplemental return, the relator moved for a peremptory writ, which was denied. From the order entered thereon the relator appeals.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*Henry D. Sedgwick,* for appellant. *William H. Clark,* for respondents.

O'GORMAN, J. At the close of the trial of this case, the relator applied to the trial judge for judgment in its favor. This motion was founded on the alternative writ of *mandamus* theretofore granted, on the return and supplemental return thereto, and on the findings of fact. The trial judge denied the application of the relator, and closed his opinion thus: "Upon the whole case, the conclusion is inevitable that the right of the relator to the relief demanded is so doubtful that the application for a writ should be denied. The defendants are, therefore, entitled to a final order or judgment, denying the application, and dismissing the alternative writ, with costs." After a careful examination of the findings, together with the briefs of the respective counsel on this appeal, and of the authorities cited by them, I am convinced that the conclusion arrived at by the learned trial judge is in all respects correct. It is the indisputable rule of law that a peremptory writ of *mandamus* should never be granted unless in a case where its purpose is to give effect to a clear legal right. *People* v. *Supervisors, etc.,* 11 N. Y. 563; *People* v. *Hawkins,* 46 N. Y. 9; *People* v. *Brown,* 55 N. Y. 191. In the case at bar the right which the relator seeks to enforce is not only not free from doubt, but the weight of reason and authority is against it. The project which the relator in this case seeks to promote by the aid of a writ of *mandamus* is one which threatened the city of New York with serious disturbance, and widespread inconvenience, with results of doubtful advantage. The occasion demands, on the part of the court, great circumspection and caution, and thus, the dictates of a wise forbearance unite with the principles of law in opposition to the relator's demand. No reason is apparent why the rights of the relator should not be ascertained and asserted by regular action at law, and no urgent necessity is shown for a resort to the sudden and peremptory interposition by *mandamus.* The order and adjudication of the trial judge are in all things affirmed, for the reasons set forth in his written opinion, the relator to pay the respondents' costs of this appeal.