SEIGMUND M. PEYSER, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

When the proceedings in the case of an assessment for a local improvement are regular upon their face, and on presentation make out a right to levy and collect the amount, in due course of law, by municipal lease of real estate, they have the force of a judgment, and a party paying on presentation and demand may, upon a subsequent setting aside of the assessment, maintain an action against the municipal corporation to recover back the amount. The payment in such case is not voluntary, but under coercion by law.

*It seems,* that to warrant an action to recover back moneys paid by coercion of law, upon a judgment, tax, or assessment, it must appear that the judgment or proceedings were *prima facie* regular, and that the rights

and positions of the parties have been changed since the payment, as by a reversal for error, or a setting aside for irregularity or illegality. *The N. Y. & H. R. R. Co.* v. *Marsh* (12 N. Y., 308), and *Fleetwood* v. *The Mayor, etc.* (2 Sandf., 475) distinguished.

*Peyser* v. *The Mayor, etc.* (8 Hun, 413) reversed.

(Argued June 19, 1877; decided September 25, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 8 Hun, 413.)

This action was brought to recover back moneys alleged to have been paid upon an alleged assessment.

The complaint alleged, in substance, that in March, 1869, defendant imposed and put on record what appeared to be, and what defendant alleged and claimed was, an assessment on a lot owned by plaintiff, in the city of New York, for a local improvement; that said assessment thereby became and was a lien and incumbrance on said lot, and plaintiff was compelled to and did pay the amount of said assessment, he supposing that said apparent assessment was legal and valid; that in October, 1869, the Supreme Court, on motion, set aside said assessment, and adjudged the same to be void, and that the comptroller of the city refused to pay back on demand the sum so paid.

The answer admitted that the assessment was duly imposed and paid, and alleged that such payment was voluntarily made.

Upon the trial, the petition upon which the application was made to vacate the assessment, and the order vacating, were given in evidence. This alleged, as the ground of illegality, that there was included in the amount for which the assessment was made the cost of works not authorized by the ordinance under which the assessment was laid. The order recited that it satisfactorily appeared that such irregularity took place. It also appeared that in July, 1869, plaintiff received official notice of the confirmation of the

assessment and a demand of payment on or before July 27th; that he thereupon paid the same, under protest.

*A. R. Dyett*, for the appellant. The order of November 9th, 1869, was, until vacated or reversed, *res adjudicata*. (3 Cow., 120; 8 Wend., 9; 1 J. Cas., 436; *Gates* v. *Preston*, 41 N. Y., 113; *Foster* v. *Miller*, 50 id., 385; 32 id., 281; 6 id., 137; 38 id., 83; *Swift* v. *Poughkeepsie*, 37 id., 511, 514; 5 Sandf., 134; 3 Barb., 341; 3 Den., 238; *Embury* v. *Conner*, 3 N. Y., 511; *Keen* v. *Clarke*, 5 Robt., 38.) When plaintiff paid the assessment, it was a lien and a cloud upon his property until vacated. (40 N. Y., 549; 14 id., 11, 12.) The proceedings of the commissioners were judicial, and equivalent to a judgment against plaintiff for the amount of the assessment. (*Bank of Comm.* v. *Mayor, etc.*, 43 N. Y., 184, 188, 189; *Swift* v. *Poughkeepsie*, 37 id., 511.) Plaintiff's sole remedy was by petition to vacate, he could not obtain any injunction order, or process staying the enforcement of the assessment *ad interim*, and was compelled to pay it. (43 N. Y., 184–189; 37 id., 511; *Crook* v. *Andrews*, 40 id., 547–549; *Wilson* v. *Mayor, etc.*, 4 E. D. S., 675, 677, 702, 703.) It was not necessary that he should wait for the issuing of any warrant to collect the assessment, or a sale of his property. (43 N. Y., 184; *Garr* v. *Martin*, 20 id., 306; *Sturgis* v. *Allis*, 10 Wend., 355; *Meagher* v. *Kellog*, 24 id., 32.) Money paid in obedience to a judgment or proceeding of a judicial character may be recovered back when that judgment or proceeding is reversed or vacated, although the party paying it might have stayed the proceedings on appeal. (*Duncan* v. *Ware*, 5 S. & P., 119; *Stevens* v. *Fitch*, 11 Met., 248; *Homer* v. *Barrett*, 2 Root, 156; *Green* v. *Stone*, 1 H. & J., 405; *Clark* v. *Pinney*, 6 Cow., 297; *Duncan* v. *Kirkpatrick*, 13 S. & R., 292; *Jamaica* v. *Guilford*, 2 Chip., 103; *Lyman* v. *Edwards*, 12 Day, 153; *Hamilton* v. *Aslin*, 3 Watts, 222; *Newdigate* v. *Davy*, 1 Ld. Raym., 742; *Lindon* v. *Hooper*, Cowp., 419; *Thurston* v. *Mills*, 16 East, 270; *Lott* v. *Sweezy*, 29 Barb., 92, 93; 37 N. Y., 511; 43 id., 184.)

*D. J. Dean*, for the respondent. Money voluntarily paid without mistake of fact, duress, compulsion, or fraud, cannot be recovered back on the ground that the party was under no obligation to pay it. (*Fleetwood* v. *Mayor, etc.*, 2 Sandf., 475; *Forrest* v. *Mayor, etc.*, 13 Abb. Pr., 350; *Mowatt* v. *Wright*, 1 Wend., 356; *Sprague* v. *Birdsall*, 2 Cow., 419; *Clark* v. *Dutcher*, 9 id., 674; *Sup'rs Onondaga Co.* v. *Briggs*, 2 Den., 26; *Sandford* v. *Mayor, etc.*, 33 Barb., 147; *Comm'l Bank* v. *Rochester*. 42 id., 488; *Trinity Church* v. *Mayor, etc.*, 10 How. Pr., 138; *N. Y. & H. R. R. Co.* v. *Marsh*, 2 Kern., 308; *Swift* v. *Poughkeepsie*, 37 N. Y., 511; *Brisbane* v. *Dacres*, 5 Taunt., 143; *Robinson* v. *Charleston*, 2 Rich., 317; *Silliman* v. *Wing*, 7 Hill, 159; *Bilbie* v. *Lumlie*, 2 East, 470; *Bulkeley* v. *Stewart*, 1 Day, 23; *Lowery* v. *Bordieu*, Doug., 470; *Knibbs* v. *Hall*, 1 Esp. [N. P. Cas.], 83; *Brown* v. *McKimally*, id., 279; *Marryatt* v. *Hampton*, 2 id., 546; *Stevens* v. *Lynch*, 12 East, 38; *Lyon* v. *Rich*, 2 J. Ch., 51; *Ege* v. *Koontz*, 3 Barr. [Penn.], 109; *Flower* v. *Luce*, 59 N. Y., 603–610.)

Folger, J. The reversal of the assessment and the setting it aside as illegal and void, is conclusive that the money obtained upon it by the defendant was got from the plaintiff without primary right. In such case the general rule is, that the money *ex æquo et bono* belongs to the plaintiff, and is held by the defendant for his use. The law raises an obligation on the part of him who has received the benefit of it to make restitution. It is upon this principle, that an action is maintainable to recover back money collected in satisfaction of an erroneous judgment which has been reversed after payment made. (*Bank of U. S.* v. *Bank of Washington*, 6 Peters, 8; *Sturges* v. *Allis*, 10 Wend., 355; *Clark* v. *Pinney*, 6 Cow., 297.) But in actions to recover money paid in such case another principle comes in, and must be observed. That is, that the payment must be involuntary, which is tantamount to saying that it must be compulsory from coercion either in fact or by law. The reason of this principle is, that

a person shall not be permitted, with the knowledge that the demand made upon him is illegal and unfounded, to make payment without resistance, where resistance is lawful and possible, and afterwards to choose his own time to bring an action for restoration, when, perchance, his adversary has lost the evidence to sustain his side.    I have spoken of coercion in fact and coercion by law.    By the first I mean that duress of person or goods, where present liberty of person or immediate possession of goods is so needful and desirable, as that an action or proceedings at law to recover them will not at all answer the pressing purpose.    Duress of person is exemplified in *Forshay* v. *Ferguson* (5 Hill, 154); *Eadie* v. *Slimmon* (26 N. Y., 9).    The cases of *Maxwell* v. *Newbold* (18 How. [U. S.], 511), and *Harmony* v. *Bingham* (12 N. Y., 99), illustrate what is duress of goods.    It may be well to say, that there can be no pretense in this case of a coercion in fact.    There was no taking or threat of taking goods. The oral protest was of no import, save to show that there was not an assent to the proceedings.    (*Flower* v. *Lance*, 59 N. Y., 603, 610.)    Coercion by law is where a court, having jurisdiction of the person and the subject-matter, has rendered a judgment which is collectable in due course.    There the party cast in judgment may not resist the execution of it. His only remedy is to obtain a reversal, if he may, for error in it.    As he cannot resist the execution of it, when execution is attempted he may as well pay the amount at one time as at another and save the expense of delay.    It may be well to say, that if the judgment is not afterwards reversed, but is invalid for any collateral reason, or the process issued upon it is illegal, payment with knowledge of the fact would perhaps be voluntary, which seems a sound distinction taken by EMOTT, J., in *Lott* v. *Swezey* (29 Barb., 87–92).    To such case of coercion by law, as is above given, are to be added those quasi adjudications of inferior tribunals, such as assessors of taxes or assessments; where their proceedings are regular on their face, and on presentation make out a right to have and demand the amount levied, and to collect it in due

course of law by sale of goods or municipal lease of real estate. Unless void on their face, they have the force of a judgment; the party is legally bound to pay, and has no lawful mode of resisting. The only remedy is a reversal of the adjudications. Until reversed they give the collector of the tax the right to take and sell goods, and the assessment remains a *prima facie* valid lien upon real estate. (*Bank of Commonwealth* v. *The Mayor*, 43 N. Y., 184–8.)

There is no clashing here with the case of *The N. Y. & H. R. R. Co.* v. *Marsh* (12 N. Y., 308). In that case there was wanting another element, which is assumed to exist in the cases above supposed. There had been no reversal of the assessment of tax in that case. There had been no alteration of the rights and positions of the parties, and the action was brought upon the same state of facts as existed when the payment was made. Besides, in that case, the collector did not assert a right to seize property then and there. There was no taking, nor imminent danger thereof. He was out of his bailiwick, which fact was as well known to the plaintiff as to him, and at the time payment was made as when action was commenced. Nor is it the same as *Fleetwood* v. *City of New York* (2 Sandf., 475). There it was apparent upon the face of the proceedings that there was no foundation for them, no ordinance having been adopted for laying the assessment. The owner of the land assessed could always have relied upon this as a defense to an action to dispossess him. The lessee of the city would have needed to show, and would have failed to show, an ordinance for the assessment. The assessments were not a cloud upon his title, warranting an action to remove an apparent lien. (*Marsh* v. *City of Brooklyn*, 59 N. Y., 280; *Washburn* v. *Burnham*, 63 id., 132.) To warrant an action to recover back money paid by coercion of law upon a judgment, or tax levied, or assessment laid, it must appear that the judgment or proceedings were *prima facie* regular, so as not, themselves, to furnish evidence of their own invalidity; and it must also appear that the rights and positions of the parties have been changed since the

payment was made, as by a reversal for error or a setting aside for irregularity or illegality. By the setting aside of the assessment, in the case in hand, the last of the requirements is made out. We must look into the case to see if the first is. The complaint alleges that the defendants imposed and put upon record what appeared to be, and what defendants claimed was, an assessment on the plaintiff's land, and that the same became, and was an apparent lien and incumbrance thereon. The answer admits that the assessment was duly imposed pursuant to law. The petition for the vacating of the assessment, which was given in evidence, alleges as the ground of illegality that there was included in the amount the cost of works not authorized by the ordinance in pursuance of which the assessment was laid. The order of the court setting aside the assessment recites that it satisfactorily appears that such irregularity took place. This is sufficient to show that the illegality of the assessment consisted in something *aliunde* the record which would be produced by a municipal lessee to establish his right to possession of the lot assessed. It was in a fact of which the plaintiff would have needed to make proof on his part to rebut the *prima facie* case made against him. It thus appears that the plaintiff fulfilled the other requirement of a payment involuntarily made.

It follows that the complaint was erroneously dismissed at the trial, and the judgment should be reversed.

All concur.

Judgment reversed.