## THE CERBAT MINING COMPANY, APPELLANT, v. THE STATE OF NEW YORK, RESPONDENT.

*Corporation — when it cannot recover a tax imposed, because of an error of law made by its officer, in valuing its capital stock — 1880, chap. 542 — Appeals from decisions of the State board of audit — what rules are applicable to them.*

In pursuance of section 1 of chapter 542 of 1880, providing for the taxation of certain corporations, a report was filed with the comptroller by the proper officer of the plaintiff, estimating and appraising its capital stock at sixty cents per share. No appeal from or review of this report was had. Subsequently, the company voluntarily paid the amount of the tax, which, under such report, was imposed upon it by the act. Thereafter it applied to the State board of audit to have a portion of the tax so paid refunded to it, upon the ground that, by reason of a mistake of law, the stock had been valued in the report at sixty cents a share, when it should have been valued at one cent per share.

*Held,* that the application was properly refused.

Appeals from the decisions of the State board of audit are to be considered and disposed of, by the application of the ordinary rules of law.

APPEAL from the decision of the State board of audit, dismissing the claim of the Cerbat Mining Company for excessive taxes alleged

to have been paid by it in 1881, and by two other companies, whose claims had been assigned to it.

*C. Z. Lincoln*, for the appellant.

*Leslie W. Russell*, attorney-general, and *J. A. Dennison*, deputy attorney-general, for the respondent.

HARDIN, J.:

Under chapter 542 of the Laws of 1880, the assessments complained of were made.

Section 1 of that act declares, "It shall be the duty of the president or treasurer, of every association, corporation or joint-stock company liable to be taxed on its capital stock, as provided in section 3 of this act, to *make report* in writing to the comptroller annually, \* \* \* and to estimate and appraise the capital stock of such company \* \* \* at its actual value in cash, \* \* \* and when the same shall have been so truly estimated and appraised, they shall forthwith forward to the comptroller a certificate thereof, accompanied by a copy of their said oath."   \* \* \*

Such a report was made for the claimant and its two assignors and filed with the comptroller, and no appeal or review had thereof for the year 1880. It is now insisted that a mistake in the construction of the law was made by the several officers of the claimant and its assignors, and that by reason of such " pure mistake of law " that the valuation was made too high and that the stock was valued at sixty cents per share, when it should have been valued at one cent per share. However, the report being made, the claimant and its assignors voluntarily paid the amount of the tax which, under such reports, they were severally liable to pay.

It is now sought to overhaul the reports and recover back from the State supposed excessive taxes. Each corporation paid voluntarily to the State and took a receipt therefor without any protest, and without any duress of person or property or fraud. Under such circumstances we are of the opinion the claimant cannot question its own appraisal and assessment, and cannot recover back any part of the taxes paid by it or its assignors. (*Drake* v. *Shurtliff*, 24 Hun, 422.) The valuation having been adopted and acted upon by a voluntary payment is conclusive. (*Albany and W. S. R. Co.* v.

*Town of Caanan*, 16 Barb., 245 ; *Bailey* v. *Buell*, 50 N. Y., 662 ; *Lamborn* v. *County Commissioners.*, 97 U. S. R., 181 ; *R. R. Co.* v. *Commissioners*, 98 id., 541 ; *Silliman* v. *Wing*, 7 Hill, 159 ; *Peyser* v. *Mayor*, 70 N. Y., 497.)

We ought not to make a new assessment or valuation in order to give the claimants a position which would enable them to escape the action of the comptroller in reviewing any estimate of the value of the stock. The statute has prescribed a system for assessment, and so long as the assessment remained it was valid.

Upon it the claimants voluntarily paid, and it must now stand as a conclusive barrier to the claimants. It was said in *Peyser* v. *Mayor* (*supra*) that to warrant an action to recover back money paid by a coercion of law upon a judgment or *tax levied or assessment paid*, it *must* appear that the judgment or *proceedings* were *prima facie* regular so as not themselves to furnish evidence of their own invalidity. And it must also appear that the rights and positions of the *parties have been* changed since the *payment* was made, as by a reversal for error or a setting aside for irregularity or illegality. We ought not in this case to overhaul the assessment.

We suppose the parties are entitled to the application of ordinary rules of law in the disposition of cases like this coming to us from the State board of audit. (Chap. 444 of Laws of 1876, and chap. 211 of Laws of 1881.)

We so held in *Danolds* v. *The State* (26 Hun, 241), MS. opinion, December, 1881, by MULLIN, P. J., affirmed by Court of Appeals.

The judgment and award should be affirmed, with costs.

SMITH, P. J., and BARKER, J., concurred.

Award and judgment affirmed, with costs.