\* FRANCIS BRUECHER, Appellant, *v.* THE VILLAGE OF PORT CHESTER, Respondent.

*Void assessment — payment of, by the owner of land under protest — when he may recover back the amount so paid without first having the assessment vacated.*

The plaintiff alleged in the complaint herein that, prior to February 27, 1875, he was the owner of a lot of land within the defendant's corporate limits; that during the years 1874 and 1875 it levied an assessment upon the said lot; that a warrant having been issued for the collection of the assessment, and the defendant threatening to sell, and being about to sell the lot for the pay-

\* Decided, May term, 1883.

ment of the said assessment, the plaintiff, on February twenty-seventh, paid
the same, with interest and other expenses incident thereto, under compulsion,
he being then under a contract to convey the same free from all incumbrances,
and being unable so to do while his title thereto was clouded and incumbered
by the apparent lien of the said assessment; that the payment was made and
received under his protest; that the assessment was utterly void and of no
effect and that all his rights should be and remain reserved to him, and be in
no way waived, foregone or pretermitted by such payment. It then alleged
that the said assessment had been subsequently declared to be utterly void in
an action brought to restrain the defendant from selling other lots owned by
other persons which were covered by the same assessment. He prayed for a
judgment for the amount so paid, with interest from the day it was paid.

*Held,* that a demurrer interposed to the complaint, upon the ground that it did
not state facts sufficient to constitute a cause of action, should be overruled.
(DAVIS, P. J., dissenting.)

The right of one who has paid the amount of a void assessment under compul
sion to recover the same without first having the assessment vacated or set
aside considered, and the cases relating thereto, collated by BRADY, J.


APPEAL from a judgment, entered on an order made at Special Term
sustaining the defendant's demurrer to the plaintiff's complaint.

The complaint alleged, among other things, that the defendant
had imposed an assessment upon a lot owned by the plaintiff, and
lying within its corporate limits; that the proceedings resulting in
the assessment were " prosecuted under color of, but in violation of,
said statutes and in disregard of their provisions, to wit, among
other things, in this, that the commissioners of estimate and assess-
ment appointed under the said acts so known as the charter of said
village as aforesaid, to apportion and assess the expenses of grading
and regulating said proposed avenues upon the adjacent premises,
did not take the oath required by said statute to be taken, nor did
said commissioners, after making their estimates and assessments,
publish a notice of the time and place when and where interested
parties could be heard in manner and form as required by said
charter and statutes, whereby and by means of such omission the
report of said commissioners and the confirmation thereof, and the
said assessment upon said premises were illegal and wholly void in
law.

And the plaintiff says, that on the 27th day of February, in the
year 1875, the warrant having been issued for the collection of the
said assessment upon said premises so as aforesaid belonging to

the plaintiff, and the interest and other expenses incidental thereto, amounting in all to the sum of $489.30, and the said defendant threatening to sell and being about to sell said premises for the payment of said assessment, and the plaintiff having before that time sold said premises, and being under contract to convey the same free from all incumbrances, was unable to do so while the same was so clouded and incumbered by said charge and assessment, and apparent lien, and while the same remained so, a cloud upon said premises, was compelled, in order to complete the conveyance of said premises, to and did pay unto the treasurer of said village, and into the treasury thereof, the said sum of $489.30, under protest, nevertheless, and the sum was received by said treasurer and paid into said treasury, as so paid under protest, to wit: that the said assessment was utterly void and of no effect, and that all the rights of the plaintiff should be and remain reserved to him, and in no way waived, foregone or pretermitted by such payment."

*I. T. Williams,* for the appellant.

*David B. Ogden,* for the respondent.

Brady, J.:

This action was brought to recover a sum of money paid to the defendant in discharge of an assessment which had been imposed upon the plaintiff's land. The allegations of the complaint, briefly stated, are that the defendant is an incorporated village; that the plaintiff was prior to the 27th of February, 1875, the owner of a lot of land within the defendant's corporate limits; that during the years of 1874 and 1875 it levied an assessment upon the land mentioned; that the plaintiff, on the 27th of February, 1875, a warrant having been issued for the collection of the assessment and the defendant threatening to sell and being about to sell the premises mentioned for the payment of the assessment, paid the same, with interest and other expenses incident thereto, and which he was compelled to do, being under contract to pay the same so as to remove an apparent cloud or incumbrance upon the premises; that the payment was made under protest, and was so received by the treasurer of the defendant, the protest asserting that the assessment was utterly void and of no effect, and that all the rights of the plaintiff

should be and remained reserved to him and in no way waived, foregone or pretermitted by such payment; that the assessment was utterly void and had been so declared subsequent to the payment made by the plaintiff, in an action in this court, brought to restrain the defendant from selling land owned by persons covered by the same assessment which affected the plaintiff's property.

The defendant demurred upon the ground that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action. And the demurrer was sustained upon the proposition that there was no averment in the complaint that as to the plaintiff's property the assessment had ever been adjudged to be illegal or void, and upon the further proposition that the declaration of its invalidity or illegality, made at the instance and on behalf of other parties, was not sufficient to sustain this action; and upon the proposition, also, that no facts were set forth showing a want of jurisdiction in imposing the assessment, and that the propriety of such an act could not be reviewed in a collateral proceeding.

The learned justice in the court below is in error in the statement that no facts were alleged showing a want of jurisdiction, for the reason, it is averred, that the commissioners of estimate and assessment, appointed under the acts known as the charter of Port Chester, did not take the oath required by the statute to be taken before making their estimates and assessments, and which was distinctly declared by the Court of Appeals to have been an indispensable preliminary; the effect of which was to make the assessment absolutely void. The plaintiff, however, is met at the very threshold of his case with two rules which may be regarded as imposing. One is, as said by Folger, J., in *Peyser* v. *The Mayor* (70 N. Y., 502), that to warrant an action to recover back money paid by coercion of law upon a judgment or tax levied, or assessment laid, it must appear that the judgment or proceedings were *prima facie* regular so as not themselves to furnish evidence of their own invalidity; and it must also appear that the rights and positions of the parties have been changed since the payment was made, as by a reversal for error or setting aside for irregularity or illegality. And the other is that if upon the face of the proceedings it appears that the assessment is void, it does not create a cloud upon the title of

the landowner and his rights are not so affected by it that he has a cause of action for its removal.

This rule is recognized in the same case, in which it is also said that to maintain an action to recover back money collected in satisfaction of an erroneous judgment, the payment must appear to be involuntary; which is tantamount to saying that it must be compulsory from coercion in fact or by law. (See, also, case of *Marsh* v. *City of Brooklyn*, 59 N. Y., 280, and *Stuart* v. *Palmer*, 74 id., 183.)

In the latter case, which was an action brought against the defendant, as collector of taxes of the town of New Lots, to vacate an assessment upon the lands of the plaintiff, as a cloud upon the title, and to restrain him from collecting the same, it was held that the acts of the legislature under consideration, and by which the tax was imposed, were unconstitutional and void, and hence that no assessment laid under them could be a cloud upon the title of the land, and that the plaintiff was not entitled, therefore, to any relief. In the case of Merritt against the defendants herein and heretofore referred to, in reference to the assessment under consideration (see report of case in 71 N. Y., 309), and which was an action brought against the defendants to restrain them from selling the real estate of the plaintiff for an unpaid assessment for regulating and grading an avenue in the village, it was declared that the commissioners of estimate and assessment, whose duty it was to apportion the cost of the improvement, were not authorized to act until they had taken the oath prescribed by law; that their appointment could only be consummated, and they fully inducted into office, by that ceremony; that it was a condition precedent to the right to perform the functions of their office, and the oath was one of the safeguards provided by the statute for the protection of the property holder, and that the legislature by prescribing the oath made the form the essence of the act. The appeal was from a judgment in favor of the defendants, but which was reversed and a new trial granted. And by that case it was therefore declared that an action to restrain the sale of property under a void assessment could be maintained. Whilst, in the case of *Stuart* v. *Palmer* (*supra*), the contrary view is expressed, as it is understood.

That case was an action of a similar character and for a similar

object, but it met with entirely different treatment.   There seems to be a distinction running through the adjudications which relate to this subject, and which is perhaps exposed by the cases cited, which is, that if the illegality of the assessment is apparent upon its face, then the person whose land is affected by it is remediless, because it bears notice to all persons of its own invalidity; but if it be apparently regular upon its face, and its illegality is to be established by evidence beyond the record, then an action may be maintained at least to restrain the collection of it by persons who assume to have the power to adopt such a proceeding.   It may be that this is the difference between the two cases; in the case of *Stuart* v. *Palmer* (*supra*), the illegality being apparent upon the face of the assessment, and in the case of Merritt against the defendant, its illegality being demonstrated by proof *aliunde* the assessment itself.

These features of the law were considered in the case of *Horn* v. *The Town of New Lots* (reported in 83 N. Y., 100), in which it was said that where there are judgments to recover back money paid or taken on an illegal assessment, there must be a vacating of the assessment by judicial power.   In illustration of this doctrine, the cases of *Peyser* v. *The Mayor* (*supra*); *In re Lima* (77 N. Y., 170), and *Wilkes* v. *The Mayor* (79 id., 621), are referred to. It is then said, " but they apply only in cases of assessment where the invalidity is, so to speak, latent, and does not appear upon proof, which must be made to sustain the proceedings under them." See bearing upon this subject the cases of *Newman* v. *The Supervisors of Livingston County* (45 N. Y., 677); *Buffalo and State Line Railroad Company* v. *Supervisors Erie County* (48 N. Y., 97); *Bank of the Commonwealth* v. *The Mayor* (43 N. Y., 184), and *Wilkes* v. *The Mayor* (79 N. Y., 621).

It has already been stated that where payment is made in satisfaction of an assessment which is void, it must be shown to have been involuntary, *i. e.*, compulsory from coercion either in fact or by law. In this case there was a threat, as alleged by the plaintiffs, on the part of the defendant to sell, and they were about to sell the premises when the payment was made.   And this would seem to be sufficient, although the question is not free from doubt (*Peyser* v. *The Mayor*), to justify the recovery of the money paid.   It is quite clear from the decision in *Stuart* v. *Palmer*, that unless the illegality

of the tax was dependent upon evidence other than the assessment itself, with its incidents, that the action against the defendant could not be maintained. Hence the conclusion must be that the assessment imposed upon the plaintiff's property was regular upon its face; and that he was threatened with the execution of process for its collection by which his property would be sold, and in order to protect himself from such contingency, there being a superinducing cause to that effect, namely, the existence of a contract of sale on his part by which he was obliged to transfer an unincumbered title, he paid it.

It must be confessed that there is a seeming confusion in the cases relating to this subject, growing out of rules which do not appear to be founded in wisdom. There does not seem to be any good reason why, when an assessment is imposed upon the land of an owner by an asserted right exercised by authority apparently invested with the power of imposing it, that he should not be relieved, on application to a court of justice, from the apparent cloud upon his title, which must subject him to inconvenience, especially when a sale of the property affected is contemplated. It does not suggest a proper administration of justice to say to him : " The tax is apparently void upon its face and therefore you are under no obligation to pay it. If the sale of your property takes place under it you may recover it back, but until it is forced in that way you are not aggrieved;" when in point of fact he is aggrieved by the refusal of his contemplated purchaser to take the title, with an impending law suit, unless provision is made for the payment of the tax, and by making which provision the owner is aggrieved. It would seem to be but fair in the administration of the law, when a title is affected by an assessment which is illegal, either upon its face or arising from some circumstance upon proof other than the record of the assessment itself, that the courts should on application in a proper proceeding for the purpose, investigate and determine that the assessment has no validity, and thus relieve him from any embarrassments that may result from its continued presence. Some reasons have been given why such a rule should not be adopted, but I have not discovered any that have been satisfactory ; and my recent examination of the authorities bearing upon this question has not assured me that any have been

stated. However unsatisfactory my views may be upon this subject they are the result of examination and deliberation. This case may be taken for an example. The complaint, as we have seen, alleges that there exists an assessment upon the plaintiff's property, which by the court of last resort has been declared to be absolutely void, and yet there seems to be a doubt about the right of the plaintiff to recover back his money, simply because he paid it upon the threat that his property was to be sold, and did not resort to some proceeding by which the assessment itself should be declared to be void, or did not permit his property to be sold. If he permitted it to be sold there would be no doubt about the right to maintain an action. That ceremony ought not to be demanded. It should be held to be sufficient to justify the payment, that a threat is made by persons having the apparent authority to consummate it, that the property of the land owner was to be sold, leaving him to bring his action to recover it back; more particularly where it was paid under protest. It is true a protest has been declared to be of no importance save to show that there was not an assent to the proceedings. (*Flower* v. *Lance*, 59 N. Y., 603, 610.)

Under the facts stated by the complaint, and admitted by the demurrer, namely, that the assessment was void and had been so declared, and that the payment of it was made under a threat that the plaintiff's property would be sold if it were not paid, it is thought that his right of action was complete and that the judgment upon the demurrer was erroneous and should be reversed.

DANIELS, J., concurred.

DAVIS, P. J.:

I think the question in this case was properly disposed of at Special Term and that the judgment should be affirmed. I must therefore dissent.

Judgment on demurrer reversed, with costs.