MARIE S. BREHM, Administratrix, etc., of HORATIO N. GRAY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*When the payment of an assessment is deemed to have been made under coercion — right of an owner to recover it after vacating the assessment — statute of limitations — when time will be extended by a statutory provision requiring a certain time to elapse after presentation of the claim before an action will lie.*

On March 7, 1870, an assessment was confirmed upon certain real estate in the city of New York owned by the plaintiff's intestate subject to a mortgage. Thereafter on June 6, 1871, pursuant to the direction contained in a judgment entered in an' action brought to foreclose the said mortgage, the said assessment was paid by the referee out of the proceeds of the sale. In September of the same year proceedings were commenced on behalf of the intestate to vacate the assessment, in which on the fourth of the following December an order vacating the same was entered. On November 17, 1877, a written demand for the amount of the assessment was made against the city, and December eighteen of the same year this action was brought to recover the same.

*Held,* that the payment of the assessment under the direction contained in the judgment was a payment under coercion, so as to authorize the intestate, after the assessment had been vacated, to recover the amount paid.

That as the charter of the city of New York required a demand in writing to be made upon all claims against the city, and prohibited the commencement of any action against it for a period of thirty days after such demand had been made, and as such a demand had been made in this case within six years from the time the cause of action arose, although the action was not commenced until after the expiration of that period, the statute of limitations furnished no defense. (Davis, P. J., not concurring.)

Appeal from a judgment in favor of the defendant, entered upon a trial at the circuit without a jury.

*Moody B. Smith,* for the appellant.

*Albert L. Cole,* for the respondent.

Brady, J.:

Horatio N. Gray, the intestate, was the owner of real estate upon which an assessment had been laid and which was subject to a mortgage held by Edward Robert. The assessment was confirmed on the 7th of March, 1870.

An action to foreclose the mortgage was commenced, which proceeded to a decree, in which it was ordered that the taxes and assessments on the premises should be paid out of the purchase-money. The premises were sold under the decree and the assessment was paid· by the referee out of the proceeds as directed by the court. The intestate was the owner of the equity of redemption and entitled to the surplus. The payment of the assessment seems to have been made on the 6th of June, 1871. Subsequently and on the twenty-fifth of September of the same year proceedings were commenced on behalf of the intestate to vacate the assessment, and an order declaring that result was entered upon the fourth of December following. Upon the 17th of November, 1877, the intestate caused a written demand to be presented to the comptroller of the city for the repayment to him of the amount paid to discharge the assessment; and payment not having been made this action was commenced on the eighteenth of December following.

The learned justice before whom this action was tried dismissed the complaint, finding, however, as one of the questions of fact, that the payment of the assessment by the referee was under a decree which directed its payment. But he seems to have been influenced by the fact that the decree of foreclosure had never been vacated or set aside, and that no proceedings had been instituted to set aside the assessment at the time it was paid, and, further, by the conclusions of law predicated of the facts and circumstances detailed, that the assessment was not paid by the plaintiff under coercion, but by the referee as an officer of the court and as the agent of the intestate.

It is conceded that the assessment was vacated, but it is contended that it was properly paid by the referee, and, further, on behalf of the city, that it was not paid under coercion of law. It seems to be a remarkable contention that an assessment paid under a decree directing its payment is not one by coercion of law. The premises affected by it, and which were purchased by the intestate subject to a mortgage, were sold by coercion of law and the proceeds appropriated in the manner directed by the decree, and the payment of the assessment made, therefore, out of the proceeds which belonged to the intestate. He did not institute the proceeding to dispose of his property, and its sale, for aught that appears in this action, was against his wishes. The decree, as is usual in actions of foreclosure,

required the referee to discharge all existing liens. The payment of the assessment, therefore, having been made under the direction of the court it cannot be regarded as otherwise than by coercion of law.

The case of *Peyser v. The Mayor* (70 N. Y., 497) determines the right of the plaintiff to recover in this action. The reversal of the assessment and the declaration that it was illegal and void was conclusive evidence, as said in that case, that the money was obtained by the defendant without primary right, and under such circumstances the general rule is that the money, *ex æquo et bono*, belongs to the person having made the payment and is held by the defendant for his use. The law creates an obligation on the part of the person receiving it to make restitution. It was also said in that case: "It is upon this principle that an action is maintainable to recover back money collected in satisfaction of an erroneous judgment which has been reversed after payment made."

It is true, it was further asserted as a general rule, pendant of the one just stated, that the payment must be involuntary, *i. e.*, compulsory from coercion either in fact or by law, the reason of the rule being that a person cannot be permitted with a knowledge that the demand made upon him is illegal and unfounded, to make a payment without resistance, where resistance would be lawful and possible. And it is further declared in that case that coercion by law is where a court, having jurisdiction of the person or subject-matter, has rendered a judgment which is collectible in due course. There the party cast in judgment may not resist the execution of it. And further still that coercion of law exists where there are adjudications of inferior tribunals, when their proceedings are regular on their face and make out a right to have and demand an amount to be levied or collected in the due course of law, by a sale of goods or a municipal lease of real estate. Unless void on their face they have the force of a judgment; the party is legally bound to pay and has no lawful mode of resisting.

The facts distinguishing this case present all these elements. The assessment appears to have been regular on its face, the decree in the foreclosure suit directed its payment, and the sale of the property which was also decreed to take place was made for the purpose primarily of discharging the liens of which the assessment had pre-

cedence over the mortgage. Without arresting the proceedings in the foreclosure suit, therefore, the intestate was not in a position to avoid the direction of the court that the assessment should be paid. It was paid, therefore, out of his money and by due process of law. The subsequent declaration by a court having competent jurisdiction that the assessment paid was illegal and void, created an obligation, therefore, on the part of the city to make restitution and required that the judgment of this court should be in favor of the plaintiff who is the representative of the intestate.

In the consideration of this case no legal element in conflict with the views expressed has been found or has occurred on reflection. The right of the plaintiff to recover seems to be very clear, and the dismissal of the complaint, therefore, was erroneous, and must be corrected by granting a new trial, unless the claim is lost by the application of the statute of limitations.

It appears that the learned justice presiding in the court below makes no reference to this defense either in his findings of fact or conclusions of law, although it was expressly set up by the answer. But this was doubtless for the reason that upon the merits he thought the plaintiff was not entitled to recover.

It appears, however, upon the record that on the 4th of December, 1871, the assessment was vacated and that the action was commenced upon the 18th of December, 1877, which was more than six years after the cause of action accrued, namely, upon the day the order was entered vacating the assessment. But the statute requires, in reference to claims against the city of New York, that demand in writing should be made upon it, and prohibits the commencement of any action for a period of at least thirty days after the written demand made as suggested. Such a demand was made upon the 17th of November, 1877, which was before the expiration of the six years prescribed by the statute of limitations, and that circumstance prevented the application of that statute to the detriment of the claimant, for the reason that the law to which reference is made, prohibiting an action until within thirty days after the written presentation of the demand to the comptroller, has the effect of enlarging the statute of limitations necessarily to six years and thirty days. If this were not its effect, and the claimant must begin his proceedings so that the thirty days will form a part of the six years, then

the period would be necessarily reduced to five years and eleven months within which he is obliged to commence proceedings to recover his debt against the city. There is nothing in the statute requiring the presentation of the written demand which sustains the conclusion that the legislature designed to shorten the period ; and as the service of notice is the beginning of the proceeding to enforce the claim, and therefore a *quasi* summons or legal process, it seems to follow as a necessary legal sequence that the service of the demand by the claimant within the period of six years after the claim arises, must prevent the application of the statute to his prejudice.

For these reasons it is thought the judgment should be reversed and a new trial ordered, with costs to abide the event.

Daniels, J., concurred.

Davis, P. J.:

The court below did not dismiss the complaint on the ground that the cause of action was barred by the statute of limitations. That question is not before us for adjudication. It will fully and fairly arise upon the new trial.

I am not prepared to concur in what is said by Brady, J., in the opinion on that subject, and as the discussion or decision of that question is not necessary to dispose of the case on this appeal, I think the question of the statute of limitations should be reserved and not now disposed of.

Judgment reversed, new trial ordered, costs to abide event.