By the Court.
Sedgwick, Ch. J.
The learned counsel for appellant, claims that he was entitled to recover for money had and received to his use. Although there is doubt that the action was brought for such relief, it will be assumed that the plaintiff could have recovered on such ground, if the testimony had justified it.
An assessment had been imposed upon plaintiff’s land, for regulating 155th street. The collector of .assessments published in the “City Record,” a “notice to property holders,” that the assessment referred to, confirmed and entered, had been received by his bureau for collection, *441 and that payment made before a specified day would be exempt from interest, and after that day would bear interest at 7 per cent. After that without any warrant issued or further proceeding to enforce payment or any other demand, the plaintiff paid the assessment, which he now seeks to recover back, on the ground that he paid under duress of the assessment being apparently valid while in reality it was void.
It may be assumed that if the assessment were apparently valid a recovery could be had (Peyser v. Mayor, 70 N. Y. 497). But by the same case, if the assessment were apparently invalid, the payment was voluntary and there can be no recovery. On the argument it was admitted that if the defect in the proceedings which it was claimed made them void did appear on the face of the proceedings then there should be no recovery. The defect was, that the common council had not passed an ordinance for the doing of the work. In Fleetwood v. City of New York (2 Sanf. 475), to which reference is made in the case of Peyser, already cited, and seemingly approved, it was held that the fact that there was no ordinance of the kind passed, made the assessment apparently void. And it was further held that a payment of an assessment of such kind before there had been an attempt to enforce it, against the person or the land, was voluntary, and there could be no recovery of its amount from the city.
Judgment affirmed with costs.
Truax and O’Gorman, J J., concurred.