Bockes, J.
Appeal from a judgment of the Albany county court affirming a judgment in favor of the plaintiff rendered by a justice of the peace.
The recorder of the city of Cohoes collected forty-five dollars in fines from persons convicted before him of cruelty *809 to animals under title 16 of the Penal Code, and paid the same over to the defendant under a claim by the latter that such money belonged to the city. The plaintiff also made claim to the money, and after due demand therefor, and a refusal by the defendant to answer such demand, brought this action and recovered judgment for the amount.
The Penal Code, section 668, which supercedes the prior laws touching the question here in dispute, is as follows: “ All fines, penalties or forfeitures imposed or collected for a violation of the provisions of this title, or of any act for the prevention or punishment of cruelty to animals, now in force, or hereafter passed, must be paid on demand to the American Society for the Prevention of Cruelty to Animals.”
This provision of law in terms gives the money collected by the recorder, and here in controversy, to the plaintiff, and is decisive of the question here presented unless there be some other provision annulling its effect. We find none. It is urged that section 32 of chapter 440 of the Laws of 1884, amendatory of the act of incorporation of the city of Cohoes—an act passed prior to the Penal Code— should be construed to cover the case, and give the money in controversy to the city for its use and benefit. Without noting the fact that section 668 of the Penal Code is the latest legislative expression upon the subject, it will be observed that section 32 above referred to does not require payment to be made to the chamberlain of the city for its use and benefit, of moneys not belonging to the city. The moneys thereby required to be so paid over are those belonging to the city. But these moneys did not belong to the city. The law expressly declares that all fines, etc., collected as these were collected “must be paid on demand ” to the plaintiff. Thus such moneys go by law to the plaintiff, and not to the city for its use and benefit, as do moneys collected by the recorder from fines imposed and collected by him belonging to the city. There is nothing decided to the contrary of this in Am. Soc., etc,, v. Doyle (65 How., 459). The county court decided correctly in holding that the moneys here in controversy belonged to the plaintiff.
It is urged that the action for these moneys cannot be maintained against the city as for money had and received. This objection is fully answered by a simple statement of the facts and law applicable to them. The money had been collected by the recorder and it was by law to be paid over on demand to the plaintiff. It was the plaintiff’s money. Instead of holding it and paying it over when demanded, the recorder paid it over to the city chamberlain for the use and benefit of the city and thus it came to the treasury of the city. *810 Thus the city had obtained the plaintiff’s money—not on any contract with another party as in payment of a debt or in any respect in the ordinary course of business, or indeed on any business transaction whatever, but wholly without right. In equity and right the plaintiff was entitled to have it. Now, an action for money had and received lies in favor of one person against another when that other person has received money under such circumstances, that in equity and good conscience he ought not to retain it, and which ex equo et bona belongs to the plaintiff. Section 4, Wait’s Actions and Defenses, 469, and the numerous cases there cited; also Peyser v. Mayor, 70 N. Y., 497; Shultz v. Mayor, 7 Eastern Rep., on page 440. Such is precisely the case in hand. The cases cited by the appellant’s counsel so differ from this on their facts as to make them here inapplicable.
Judgment affirmed with costs.
Learned, P. J.
I have some doubt whether this action will lie against the city under the principle of Hathaway v. Homer, 54 N. Y., 655. But inasmuch as the court in a case similar to the present, American Society, etc., v. Doyle (65 How. 459), decided that an action would not lie against the recorder, I concur.
Landon, J., concurs._