ISABEL S. TRIPLER, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Record of an assessment — when not void upon its face because of its containing a letter, signed by the officer transmitting it to the assessors, stating facts which establish its illegality.*

In an action brought to recover an amount paid by the plaintiff to satisfy an illegal assessment imposed upon her property, the question at issue was whether the assessment was void upon its face. Proof was made, that accompanying the transmission of the assessment-list, map and certificate of the cost of the work, to the board of assessors for their action, by the commissioner of public works, there was a letter, signed by him, stating that the work was done by day's work, which fact, if true, would render the assessment void.

*Held*, that such letter did not establish the fact that the record of the assessment was void upon its face, as the letter constituted no part of the public record, and would be no evidence of the fact in proceedings brought to attack the assessment.

Appeal by the defendant from a judgment, rendered at a Special Term of the Supreme Court held in the county of New York in favor of the plaintiff, which judgment was entered in the office of the clerk of the county of New York on the 21st day of May, 1888.

The action was brought to have an assessment declared void, and the only question presented thereby was whether it appeared upon the face of the record that the assessment was void. Accompanying the transmission of the assessment-list, map and certificate of the cost of the work to the board of assessors for their action by the commissioner of public works, there was the following letter signed by him :

"New York, *July* 12, 1878.

"Thomas B. Asten, Esq., *Chairman of Board of Assessors :*

"Sir. — Herewith I transmit, for your action thereon, the assessment-list, map and certificate of the cost of sewers in Sewerage District No. 14 B, ' Sewers in the Boulevard, between 92d and 106th streets,' amounting to $290,958.68.

"In transmitting this assessment-list and certificate, I deem it proper to say that the work was commenced in 1873, by day's work, and was so nearly completed when it came under my charge in January 1876, that it was impracticable to make contract for the remainder of the work, as I should have done if any considerable quantity of work had been left uncompleted.

"Very respectfully,

(Signed.)          "ALLAN CAMPBELL,

"*Commissioner of Public Works.*"

*G. E. Sterling,* for the appellant.

*James A. Deering,* for the respondent.

Van Brunt, P. J. :

This action was brought to recover the amount paid by the plaintiff to satisfy an assessment imposed upon her property for constructing sewers in the boulevard. Questions arising upon cases of this nature have been so frequently to the Court of Appeals that it is not at all necessary to discuss the principles which are to govern recoveries in cases of this character. It has been established that

where the payment has been voluntary no recovery can be had. Such payment is deemed to be voluntary where it is made in a case in which the assessment is void upon its face and without compulsion or duress; and that a payment made, as in the case at bar, by a mortgagee upon making a loan upon the property out of the moneys of the mortgagor, is not to be deemed a payment under compulsion. The only question then left to be considered is, was the assessment void upon its face? It is conceded by both parties that the assessment was void because the work was done by day's labor and not by contract, and the only contention is as to whether such defect appears upon the face of the assessment. It is claimed by the appellant that it does, because of the letter of the commissioner of public works accompanying the transmission of the assessment-list, map and certificate of the cost of the work to the board of assessors for their action. But the difficulty with this position is that such letter formed no part of the assessment record and was not at all necesary in order to confer jurisdiction upon the assessors to act. All that it was necessary that the commissioner of public works should do was to transmit to the assessors the assessment-list, map and certificate of cost; and all that the commissioner attached to his communication other than this has no validity as a public record and formed no part of the assessment-list. What the commissioner of public works said, therefore, in transmitting this assessment-list and certificate would be no evidence of the fact, and it would be necessary in attacking the assessment to prove this fact otherwise than by the admission contained in the letter of the commissioner of public works. The assessment was not, therefore, void upon its face although it did contain this letter, because upon the production of this assessment-list the fact that the work has been done by days work did not appear by legal evidence.

We think, under this view of the case, therefore, that the assessment was not void upon its face; that the payment was not, therefore, a voluntary one and that a recovery may be had.

The judgment appealed from must be affirmed, with costs.

BARTLETT and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.