### REDMOND v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Superior Court of New York City, General Term.* November 3, 1890.)

VOLUNTARY PAYMENT—ASSESSMENTS FOR PUBLIC IMPROVEMENTS.
  Plaintiff paid an assessment for public improvement without knowledge of the invalidity of the assessment, that fact not appearing on the face of the assessment. The payment was made because a trust company refused to make a loan on plaintiff's property until the assessment was paid. *Held* not a voluntary payment, and the amount might be recovered from the city.

Appeal from special term.

Action by John L. Redmond against the mayor, aldermen, and commonalty of the city of New York to recover the amount paid to the city on an assessment upon property of plaintiff for expenses of public work by the city. From a judgment for plaintiff, defendant appeals.

Argued before FREEDMAN and INGRAHAM, JJ.

*George L. Sterling,* for appellant. *James A. Deering,* for respondent.

INGRAHAM, J. It is, I think, clear that the ordinance of the common council providing for the work and assessment in question, and the assessment imposed under the provisions thereof, were void under the rule adopted by the court of appeals in *Re Burmeister,* 76 N. Y. 177, and that such invalidity did not appear upon the face of the assessment list. The defendant could not therefore have enforced the assessment. It is also clear that if the plaintiff had been compelled to pay the assessment, and did pay it without knowledge of its illegality, plaintiff would be entitled to recover back the amount so paid in this action. *Jex* v. *Mayor, etc.,* 103 N. Y. 536, 9 N. E. Rep. 39; *Tripler* v. *Mayor, etc.,* 6 N. Y. Supp. 48. It is claimed on behalf of the defendant that the payment was voluntary, and for that reason could not be recovered back. I am, however, unable to find in this case any facts that would make the payment of the assessment a voluntary one. The person who paid the assessment expressly testified that she had no knowledge that the assessment was void, and that its payment was necessary because of the refusal of a trust company to make a loan upon the property until the assessment was paid. There is nothing to charge either the plaintiff or his predecessors in title with knowledge of the facts that rendered the assessment void. The payment was not therefore a voluntary one, and the plaintiff was entitled to recover. *Tripler* v. *Mayor, etc.,* 6 N. Y. Supp. 48. The judgment should be affirmed, with costs.