By the Court.—Ingraham, J.
It is, I think, clear that the ordinance of the common council providing for the work and assessment in question, and the assessment imposed under the provisions thereof, was void under the rule adopted by the court of appeals in re Burmeister, 76 N. Y. p. 177, and that such invalidity did not appear upon the face of the assessment list. The defendant could not, therefore, have enforced the assessment.
It is also clear that if the plaintiff had been compelled to pay the assessment, and did pay it without knowledge of its illegality, plaintiff would be entitled to recover back the amount so paid in this action. Jex v. The Mayor, &c., 103 N. Y. 536 ; Tripler v. Mayor, &c., 53 Hun, 36. It is claimed on behalf of the defendant that the payment was voluntary and for that reason could not be recovered back. I am, however, unable to find in this case any facts that would make the payments of the assessment a voluntary one. The person who paid the assessment expressly testified that she had no knowledge that the assessment was void and that its payment was necessary because of the refusal of a trust company to make a loan upon the property until the assessment was paid. There is nothing to charge either the plaintiffs or their predecessors in title with knowledge of the facts that rendered the assessment void. The payment was not, therefore, a voluntary one, "and the plaintiff was entitled to recover. Tripler v. The Mayor, &c„, 53 Hun, 36.
The judgment should be affirmed with costs.
Freedman, J, concurred.