### TRIPLER *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

1. **VOLUNTARY PAYMENT—VOID ASSESSMENT.**
   An assessment paid without coercion, in fact or law, cannot be recovered back as an involuntary payment, upon the ground of illegality of the assessment. To render the payment involuntary, there must be some fact or circumstance which overcomes the will, and imposes a necessity of payment to escape further ills.
2. **SAME—BURDEN OF PROOF.**
   In an action against a city to recover an assessment so paid, the burden is on plaintiff to show that he was not aware of its illegality.

Appeal from circuit court, New York county.

Action by Isabel S. Tripler against the mayor, aldermen, and commonalty of the city of New York to recover back moneys paid on an illegal assessment. Defendant appeals from a judgment for plaintiff entered upon a verdict, and from an order denying a motion for a new trial. Reversed. For former reports, see 6 N. Y. Supp. 48, 26 N. E. Rep. 721.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*William H. Clark*, (*George L. Sterling*, of counsel,) for appellant. *James A. Deering*, for respondent.

VAN BRUNT, P. J. This is the second time that this case has been to the general term. Upon a previous trial judgment was rendered in favor of the plaintiff, and affirmed by the general term, (6 N. Y. Supp. 48,) upon the authority of *Peyser* v. *Mayor*, 70 N. Y. 497. Upon appeal to the court of appeals, the judgment was reversed, (26 N. E. Rep. 721;) it being claimed that the *Peyser Case* did not apply, because the opinion proceeded upon the assumption that the party paying was not aware of the facts which rendered the assessment void, and that in this case, as it was then presented, such facts did not appear. We do not see how the judgment in question can be maintained, in view of the expression of opinion that the facts which were then before the court, and which are the same in the present record, establish no coercion,

either in fact or law, and that such coercion must exist in order to make a payment involuntary; the definition of the words "involuntary payment," as given by the court, being that it implies there is some fact or circumstance which overcomes the will, and imposes a necessity of payment in order to escape further ills, and then holds that, upon the facts proven in the case, there can be no claim that the payment was made by any coercion in fact or coercion in law. Such being the case, the element of involuntary payment was wanting in the case at bar. It is to be observed upon examining the charge of the court, although no exception was taken thereto, that an error in respect to the burden of proof was fallen into, and that it was necessary for the defendants, in order to escape the repayment of this assessment, to show that the plaintiff did know, as matter of fact, that the assessment was unlawfully levied. Upon the contrary, the burden is upon the plaintiff to show that she was not aware of the facts in respect to the illegality of the assessment. The judgment should be reversed, and a new trial granted, with costs to appellant to abide event.