## FEIST v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. TAXES—VOLUNTARY PAYMENT—RECOVERY.
> There is a voluntary payment of taxes, preventing their recovery, where nothing is done or threatened by the city to enforce them against the property, but a mortgagee making a loan thereon to the owner retains the amount of the taxes under an agreement that he will hold it till a certain time as security for payment of the taxes, it then to be applied to their payment, if they be not paid before, unless an additional deposit for further interest be made with the mortgagee, and the mortgagee pays the taxes according to the agreement.

Appeal from special term, New York county.

Action by Samuel Feist against the city of New York. From a judgment for defendant, entered on decision after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George Hahn, for appellant.

Theo. Connoly, for respondent.

PATTERSON, J. The plaintiff, the assignee of one Henry Corn, brought this action to recover back from the city of New York a sum of money which had been paid to it as taxes for the year 1898 upon certain real estate situate in the city of New York, which it is alleged in the complaint was, at the time the tax was imposed and became a lien upon the property, owned by a religious corporation, and was used exclusively for religious purposes, and was, therefore, exempt from taxation. The principal defense relied upon by the city is that the payment of the tax was voluntary, and made without any force, duress, or coercion whatever, either in law or in fact, on the part of the defendant or its officers; and that, if the tax were paid under any mistake, it was a mistake of law, and not of fact. The cause was tried at the special term, and the complaint was dismissed, the learned judge presiding finding that the tax was paid with full knowledge and by the authority of Henry Corn, the plaintiff's assignor; that the payment was a voluntary one, made without force, duress, or coercion, and without mistake of fact. The evidence in the case fully supports the finding of the court. There is no proof whatever to show that anything was done or threatened by the city to enforce this tax against the property, nor is there anything in the proof that would bring the case within Peyser v. City of New York, 70 N. Y. 497, 26 Am. Rep. 624, and similar cases. It is apparent that the payment was voluntary, because it was made, not only with full knowledge, but under an agreement by which a sum of money was deposited with a third party upon the understanding that it was to be applied in a certain contingency to the payment of the tax, and, that contingency having happened, the payment was made in accordance with the authority given by Henry Corn. The facts in connection with the matter are fully displayed in the record. Henry Corn, the plaintiff's assignor,

having succeeded to the title to the premises, made an application to the Mutual Life Insurance Company of the City of New York for a loan to be secured by a mortgage upon the property. An agreement to make the loan was entered into upon condition that the property should be free and clear of all incumbrances. It was ascertained that the tax had been imposed upon the property, and the life insurance company deducted a sum equivalent to the amount of the tax, paying over to Corn the balance of the loan. Thereupon the insurance company delivered a paper to Corn in the following words:

"Received from Henry Corn the sum of $3,215, to be retained until the 1st day of October, 1899, as security for the payment of taxes for 1898, covering premises on the northerly side of 19th street, west of Fifth avenue, this being mortgaged with other property by Henry Corn to the Mutual Life Insurance Company. If the same [meaning, of course the tax] be not paid at or before said time by said Henry Corn, the said sum shall be applied towards the payment thereof, unless an additional deposit for further interest is made with said company. When the same [referring to the tax] has been paid, the same shall be returned to the said Henry Corn."

It is not claimed that any additional deposit was ever made with the insurance company, and that company had distinct authority to apply the $3,215, after the 1st of October, 1899, to the payment of the tax upon this property. Corn furnished the money with full knowledge to the insurance company as his agent, to be specifically applied to the payment of this tax, and when the insurance company paid it with that authority that payment was voluntary in every legal sense of the word. The amount was not paid to stop the running of interest on the tax as a penalty, but was paid under an express agreement as above stated.

The judgment should be affirmed, with costs. All concur.